**Liana Serobian, Esq. CSB 235466**
**Serobian Law, Inc.**
100 North Brand Blvd., Suite 600
Glendale, CA 91203
Telephone:  (818) 539-2249
Email:  L.Serobian@yahoo.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| LUCY ULIKHANOVA AND P. G., A MINOR., individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES; THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; RONALD TIGERINO, MARIA HERRERA SOSA, in her personal capacity; VICKI RAMIREZ, in her personal capacity; JOANNE COTHERN, in her personal capacity; STEVE (STEPHEN) CAREY, in his personal capacity; MARAL HELWAJIAN, in her personal capacity, HOLLY BRUCE, in her personal capacity; DOES 1 – 10 inclusive, <br><br> Defendants. | Case No.: 2:17-cv-9193 <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Date: July 5, 2018 <br> Time: 10:00 a.m. <br> Courtroom: 6D |

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

# TABLE OF CONTENT

**I.**     **Introduction** ........................................................... **3**

**II.**    **Legal Standard** ....................................................... **5**

    **1.**     **Federal Rule of Civil Procedure 12(b)(6)** .................**5**

**III.**   **Discussion**

    **1.**     **Section 1983 Claims for Judicial Deception, Individual Defendants. ..7**

    **2.**     **Section 1983 *Monell* Liability.................16**

    **3.**     **State Law Related Judicial Deception Causes of Action. .................17**

    **4.**     **Absolute And Qualified Immunity Does Not Apply To Shield Defendants From Liability For Judicial Deception, Which Is The Underlying Act Supporting First To Eight Causes Of Actions Of The Plaintiffs' Second Amended Complaint. The Complaint States Sufficient Facts To State A Claim Under First To Eight Causes Of Actions Of The Plaintiffs' Complaint. .................21**

    **5.**     **The Complaint States Sufficient Facts To State A Claim Against Defendants Soso and Ramirez. .................30**

    **6.**     **The Complaint States Sufficient Facts To State A Claim Against Defendants Cothern, Carey, and Bruce. .................32**

    **7.**     **The Complaint States Sufficient Facts To State A Claim Under Ninth and Tenth Causes of Action The Plaintiffs' Complaint - Unauthorized Medical Procedures. .................36**

    **8.**     **The Complaint States Sufficient Facts To State A Claim Under The Eleventh Claim Of Relief.**

**IV.**    **Conclusion .................40**

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

2

# I.    INTRODUCTION

Plaintiffs (Mother and Minor P.G.) bring this action against the Los Angeles County and its employee co-defendant employees of DCFS for the fraudulent omissions/representations contained in the warrant secured from the Los Angeles County Superior Court in order to remove Minor from her Mother's custody and for the continued detention of the Minor based on judicial deception in the Petition, Detention Report and Jurisdiction/Disposition Report, and its addendums, in violation of their rights to familial association and due process. Plaintiffs further sue the Defendants for the unlawful immunization of the Minor without Mother's consent and presence, and against express objection of the Mother. Plaintiffs also sue the County on a *Monell* theory of liability, based on its policies, practices and procedures which allowed, encouraged, and/or ratified the acts and omissions complained of in the Complaint.

Although Mother ultimately regained custody of her child in the juvenile court, it was not until a year and a half later. The tables turned on the Department and its employees when during the case they finally realized that father was using methamphetamine and making criminal threats against the social workers themselves. The Department then filed a restraining order against Father and recommended Mother to have full legal and physical custody of the Minor and Father supervised visits – just like when the case started.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

Presently, for the County and its Defendant employees to argue that Mother's case should be dismissed with prejudice is beyond reason as the complaint sets forth facts sufficient to support each and every cause of action. The omissions and misrepresentations by the Defendants were purposeful to achieve the goal of unlawful removal of the Minor from Mother and for the continued detention and separation of Minor from her Mother. The Defendants lied under the oath and omitted material information to the juvenile court that would have certainly rendered their requests for removal and detention unsupported had the court known of the Family Court's active orders governing the family in Mother's favor and the criminal proceedings pending against Father to protect Mother and the Minor.

Therefore, the Motion to Dismiss should be denied entirely and/or Plaintiffs be given an opportunity to amend the Complaint if this Court finds it necessary.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

4

## II. LEGAL STANDARD

**1.      Federal Rule of Civil Procedure 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim upon which relief can be granted "'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In order to determine whether a claim has been stated, this Court must accept as true all well-pled factual allegations and construe them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). As an exception, this Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

Moreover, a complaint need not contain detailed factual allegations, but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." (*Id.*, emphasis added.)

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

5

As emphasized by the Ninth Circuit, pursuant to Federal Rule of Civil Procedure 15(a), the Court should grant leave to amend a complaint "when justice so requires," because "the purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Court may deny leave to amend only when "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon*, Inc., 316 F.3d 1048, 1052 (2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As argued in detail below, none of the exceptions to the general rules apply in this case. The Second Amended Complaint contains sufficient factual matter, when accepted as true, states claims of relief that allow this Court to draw reasonable inferences and, therefore, are plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Therefore, Defendants' Motion to Dismiss Second Amended Complaint should be denied in its entirety. At the minimum, the Plaintiffs should be given a leave to amend, because the Defendants would suffer no prejudice for the delay and the Plaintiffs have diligently amended the complaint to add substantially more facts in order for this Court to make the necessary reasonable inferences.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

6

### III.    DISCUSSION

### 1.    Section 1983 Claims for Judicial Deception, Individual Defendants.

The Plaintiffs Causes of Action First to Eight stem from the judicial deception perpetrated by the Defendants for the sole purpose of abusing their authority and using the color of law to unlawfully remove Minor from her custodial Mother.

The Ninth Circuit has held "It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983." *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001); *Santosky v. Kramer*, 455 U.S. 745, 753 (1982) (holding that "the fundamental liberty interest of natural parents in the care, custody, and management of their child" is protected by the Fourteenth Amendment); *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) ("Parents and children have a well-elaborated constitutional right to live together without governmental interference."). "The Supreme Court 'has frequently emphasized the importance of the family[,]' referring to the right to 'raise one's children' as 'essential,' a 'basic civil right [ ] of man,' and 'far more precious ... than property rights.'" *Swartwood v. Cty. of San Diego*, 84 F. Supp. 3d 1093, 1107 (S.D. Cal. 2014) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)).

Section 1983 provides a remedy to individuals whose constitutional rights have been violated by persons acting under color of state law. 42 U.S.C. § 1983. To state a

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

7

claim under § 1983, a plaintiff must allege that "(1) the defendants acting under color of state law (2) deprived plaintiff [] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). "'[S]tate employment is generally sufficient to render the defendant a state actor.'" (West v. Atkins, 487 U.S. 42, 49 (1988). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *Id*. at 49–50.

Here, Plaintiffs alleged that Defendants violated their Fourth and Fourteenth Amendment rights to due process and familial association, respectfively, through the unwarranted removal and continued, unjustified detention of the Minor from Mother by way of judicial deception. It is well-settled that the Fourteenth Amendment protects the right of parents and children to live together without governmental interference. *Wallis v. Spencer,* 202 F.3d 1126, 1136 (9th Cir.2000) (collecting cases). As such, parents and children cannot "be separated by the state without due process of law except in an emergency." *Id.* at 1136-37. The Court must assume these allegations true at this stage. See Iqbal, 556 U.S. at 678. These allegations describe an abuse of the power and position granted to Defendant social workers by the state. See West, 487 U.S. at 48–50; Lugar, 457 U.S. at 936 n.18. Therefore, Plaintiffs adequately allege that Defendants acted under color of state law to violate their constitutional rights.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

8

In particular, Plaintiffs allege that Sosa, with Ramirez's approval, fabricated a false theory in the 19-page application they both signed under the penalty of perjury requesting that the juvenile court issue a warrant to remove the Minor from her Mother's rightful physical custody. They otherwise had no legal basis to remove the Minor from Mother's Custody without a warrant. In turn, Plaintiffs allege that Cothern and Carey, with Bruce's approval, continued to mislead the juvenile court with this fabricated theory of removal to achieve removal of the Minor from Mother's legal custody and for the County of Los Angeles to step in the shoes of the Minor's parent.

As the complaint sets forth and the facts at trial will show, there was an existing Family Court findings and orders governing the custody arrangements of the family. In particular, these family court findings and orders showed that the Family Court had found that Minor's father had sexually abused her and awarded Mother full legal and physical custody of the Minor, with father having supervised visits. All named Defendants, and in particular Sosa, Ramirez, Tigerino, and Carey, were personally informed by mother and/or her attorney of these findings and orders, and copies of the said orders were offered and provided to these Defendants. Also, these findings and orders were already part of the family's file due to prior unfounded investigations. Hence, this information was easily accessible by any of the social workers working on the family's matter for the purpose of reporting to the juvenile court under the mandatory reporting requirements set by the Legislature. There was also a letter from Dr. Reinhart that concluded that Minor

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

9

was sexually abused by Father. Yet, none of this information never made its way in the 19-page application for a warrant to remove the Minor from Mother under the guise that she keeps the Minor from father and paternal family and, therefore, is mentally unstable.

Similarly, as the complaint sets forth and the facts at trial will show, there was a criminal charge pending against Father for harassing Mother and the Minor and there were several police reports filed by Mother against Father for his criminal threats. This information was also provided to the named Defendants Sosa, Ramirez, Tigerino, and Carey, by Mother and/or her then attorney and through the direct contacts the social workers had with the law enforcement while investigating this matter. Remarkably, this too was missing from the 19-page warrant that tried to falsely portray mother as mentally unstable for keeping extra cautious when in and out with the Minor from her home.

Ultimately, none of the named Defendants informed the juvenile court at any process – while seeking the warrant or later continued detention of the Minor from her Mother – about the active finding of the Family Court that governed the family and mother abided by. Instead, Mother was falsely presented as an unstable person keeping the child away from Father and paternal family, a fabricated theory in order to achieve a removal of the child from mother's rightful custody. This was judicial deception to a unbelievable level as the Defendants acting under the color of law deceived the juvenile court to believe a theory that didn't exist and was wholly false, and as a result, unlawfully separated the Minor from Mother.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

10

This Court must now decide whether this information was immaterial, as Defendants try to portray in its Motion to Dismiss, and if this Court were to be the one issuing orders separating Mother from Minor, whether it would have found it material to know sister court's governing orders that guided Mother's conduct. The answer is absolutely yes, because not only the law directs the Defendants that this information is material, but so does the Ninth Circuit.

This information was found material by the California Legislature as illustrated in several of its statutory sections below. California Welfare and Institutions Code § 204, allows easy access of the family law court and probate court files of the minor in order for the juvenile court to consider this before making best interests determination for the minor. Section 204 reads in relevant part, "Notwithstanding any other provision of law, except provisions of law governing the retention and storage of data, a family law court and a court hearing a probate guardianship matter shall, upon request from the juvenile court in any county, provide to the court all available information the court deems necessary to make a determination regarding the best interest of a child, as described in Section 202, who is the subject of a proceeding before the juvenile court pursuant to this division. The information shall also be released to a child protective services worker or juvenile probation officer acting within the scope of his or her duties in that proceeding."

California Welfare and Institutions Code § 281 sets forth the social worker's duties to investigate and report to the juvenile court: "The probation officer shall upon

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

11

order of any court in any matter involving the custody, status, or welfare of a minor or minors, make an investigation of appropriate facts and circumstances and prepare and file with the court written reports and written recommendations in reference to such matters. The court is authorized to receive and consider the reports and recommendations of the probation officer in determining any such matter." Section 280 also states in relevant part: "It shall be the duty of the probation officer to prepare for every hearing on the disposition of a case as provided by Section 356, 358, 358.1, 361.5, 364, 366, 366.2, or 366.21 as is appropriate for the specific hearing, or, for a hearing as provided by Section 702, a social study of the minor, containing such matters as may be relevant to a proper disposition of the case. The social study shall include a recommendation for the disposition of the case."

California Welfare and Institutions Code § 309 requires the social worker to investigate the circumstances of the child's detention and the worker must release the child to her parent's custody unless there is an immediate and urgent need to continue detention and there are no reasonable means by which the child can be protected in her home. Cal. Welf. & Inst.Code § 309(a)(2).

Finally, California Welfare and Institutions Code § 207.5, makes it a misdemeanor to achieve admission of a minor in facility on false pretenses: "Every person who misrepresents or falsely identifies himself or herself either verbally or by presenting any fraudulent written instrument to any probation officer, or to any superintendent, director,

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

12

counselor, or employee of a juvenile hall, ranch, or camp for the purpose of securing

admission to the premises or grounds of any juvenile hall, ranch, or camp, or to gain

access to any minor detained therein, and who would not otherwise qualify for admission

or access thereto, is guilty of a misdemeanor."

Therefore, the Defendant social workers, particularly those with direct knowledge

of the family law findings and orders and criminal court proceedings, Sosa, Ramirez,

Tigerino, and Carey, were on notice by the simple virtue of acting as state social workers

under the authority of the Legislature that the Family Court's findings and orders were

expressly found relevant. They were also on notice that due diligence required reporting

of any criminal proceedings involving the family and sexual abuse findings by the Family

Court and Dr. Rinehart to avoid false detention of the Minor from Mother. Hence, it is

reasonably plausible that the inclusion of this very material information would have

rendered the Defendant social workers' theory for removal - that mother was unstable

because she was keeping the Minor away from father and paternal family - absurd and

patently false.

Ninth Circuit has also declared that information from official sources is more

reliable than from lay sources, therefore, the social workers were not reasonable in

enclosing lay opinion about Mother from father and paternal family, but withholding

information about the Family Court's findings and orders or criminal proceedings against

Father.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

13

To illustrate, instructive here is the Ninth Circuit case in the Ninth Circuit's decision in *Beier v. City of Lewiston*, 354 F.3d 1058, 1065 (9th Cir. 2004), which confirmed that "when there is a conflict between legal information obtainable from official channels and legal information obtained from lay citizens, police officers may reasonably rely upon officially-obtained information." 354 F.3d at 1070. In *Beier,* the officers relied on the statement of an ordinary citizen, Susan, to arrest the plaintiff after Susan called the police to report that the plaintiff was violating a restraining order she had in place against him. 354 F.3d at 1063. The officers "knew nothing about the terms of the order other than what, if anything, Susan told them." *Id*. It turned out that none of the plaintiff's actions were a violation of the protective order. *Id*. at 1067. The Ninth Circuit concluded that the officers lacked probable cause to arrest the plaintiff and that "[a]ny reasonably competent officer would have ascertained the terms of the protection order before arresting Beier for failing to comply with it." *Id*. at 1072.

Here too, this case involved an unsubstantiated legal conclusion by an ordinary citizens – Father and paternal family discredited in family court – on which the Defendants relied to create a fabricated theory that Mother was mentally unstable and the Minor had to be removed from her custodial care. The Defendant social workers deprived the juvenile court from knowledge and review of the official documents available to them – the Family Court's findings and orders and criminal court proceedings – to support their fabricated theory for removal of the Minor from Mother.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

14

Most instructive here is the decision in *Hardwick v. Cty. of Orange*, 844 F.3d 1112 (9th Cir. 2017), which squarely renders without merit the Defendants' argument that the deliberate omissions of the official information as immaterial. In *Hardwick*, a child brought a § 1983 action against county social workers, alleging that the social workers maliciously used perjured testimony and fabricated evidence to secure the child's removal from her mother. 844 F.3d at 1114. The Ninth Circuit found the conduct abhorrent and disqualified the social workers from all kinds of immunity.

According to *Hardwick*, *Beier*, and the statutory provisions cited that directly bind the conduct of the Defendants as social workers, it was objectively unreasonable by any standards to deliberately withhold the family law and criminal court official information from the juvenile court while requesting removal and continued detention of the Minor from her Mother's rightful custody.

Thus, the Second Amended Complaint contains sufficient factual matter, when accepted as true, states claims of relief that allow this Court to draw reasonable inferences and, therefore, are plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, Defendants' Motion to Dismiss Second Amended Complaint should be denied in its entirety.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

15

2.      **Section 1983 *Monell* Liability**

In order to establish municipal liability under § 1983, Plaintiffs must prove that Defendants were enforcing a government policy or custom when the alleged § 1983 injury occurred. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). There are various ways to establish the existence of a government policy or custom. One method is if there actually is a formally adopted policy or custom that causes constitutional violations then there is municipal liability. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–82, n. 10, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Also, unconstitutional conduct by those with final authority for making decisions in the municipality constitutes a policy or custom. *Id*. at 483–84, 106 S.Ct. 1292. Relatedly, if authorized decision makers approve or ratify the unconstitutional behavior of a subordinate there is municipal liability. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996).

Plaintiffs set forth sufficient facts to show that the County is responsible under a type of vicarious liability, as discussed in the case for which it is named – Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).

Throughout the Complaint, Plaintiffs set forth facts which satisfy the required elements for *Monell* liability. The Complaint clearly states, inter alia, that the County "promulgated ... policies...under which the individual Defendants . . .committed the acts or omissions complained of herein. Clearly no extended argument is required to establish

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

16

the plausibility of the proposition that the County had policies, or that County employees followed them, or that authorized decision makers authorized or ratified unconstitutional conduct.

Regardless, the Plaintiffs object to the bifurcated discovery and trial of this issue to avoid waste of judicial time and resources on issues that could easily be decided at the same time due to common fact and law analysis.

### 3.    State Law Related Judicial Deception Causes of Action.

Plaintiffs' state law judicial deception related causes of actions are as follows: (1) False Imprisonment; (2) Intentional Infliction of Emotional Distress (IIED); (5) Abduction of a Child [Civil Code ) §49]; (6) Bane Act under California Civil Code Section 52.1.

Specifically, the Complaint alleges that the Petition contained – under oath – false allegations intended to deceive the court to that end. It is also alleged that the Defendants knew that whatever is put in a Petition will be deemed "true" under California law (i.e. prima facie, W&IC §321) – thus any allegations, true or not, will result in a Court order detaining the children pending trial.

Therefore, the Complaint sufficiently alleges that the Defendants to have either knowingly or with reckless disregard, sworn out allegations which were false, and submitted them to the juvenile court to continue the unlawfully obtained possession of the minor child and continued detention of her from mother.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

17

In particular, the state claims are as follows:

(1) Plaintiffs sue for false imprisonment of the Minor, because the child was wrongly removed under the color of law and was restrained by Sosa physically to achieve removal from mother, instead of being placed in a car seat. There was nothing Mother or the Minor could do to prevent the wrongful removal or Sosa placing Minor on her lap in the front passenger seat while restraining her with her arms, instead of the car seat.

(2) intentional infliction of emotional distress as to Minor and Mother, because the social worker Sosa abused her position of authority to deceive the Minor that she was going to American at Brand to have fun only to physically restrain her in a bear hug and remove her from mother, which resulted in the child becoming hysterical. IIED to Mother by Defendants Tigerino, Sosa, Ramirez in that they threatened to sue Mother and take away her child, and did so in retaliation for her free speech and complaints filed against Sosa and threats to sue DCFS, which is an outrageous conduct.

(3) in doing so, the Defendants Sosa and Ramirez purposefully lied to the court with the intention to abduct Minor from her Mother and did so by a fabricated application for a warrant (child abduction), and Cothern and Carey, approved by Bruce, did so by continued fabricated reports prepared for the detention and jurisdiction and disposition hearings;

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

18

(4) all Defendants engaged in the said threats, coercion, or intimidation (Bane Act) to accomplish the goal of wrongful removal.

Defendants argue that continued detention of the child would have been an action taken by the Juvenile Court after a hearing, and not by any of the defendants. While generally true, however, because detention rulings are made on a prima facie basis (W&IC §§319-321; CRC 5.676), and because the law is clearly established that there is no absolute immunity for fabricating evidence and making false statements in sworn declarations in proceedings regarding children (See *Costanich v. Dept. of Social and Health Service*, 627 F.3d 1101, 1109 (9th Cir. 2010)), there are more than sufficient allegations to overcome Defendants' Motion to Dismiss. Plaintiffs are entitled to the reasonable inference that the Court relied upon the lies contained in both the Petition and Detention Report and was therefore deceived into ordering the continued detention of the child. As relevant here, "[i]n general, the social worker does not testify, and the juvenile court relies exclusively on the allegations in the police and social worker reports." [TRG, Cal. Juvenile Dependency Practice, 2.64 (2008)]

Defendant's contend that Plaintiffs assert "conclusory allegations" that the Defendants' conduct was "malicious." Plaintiffs submit the allegations certainly are sufficient to infer malice.

Lying under oath fits squarely within the definition of malice, widely understood to be: The intentional commission of a wrongful act, absent justification, with the intent

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

to cause harm to others; conscious violation of the law that injures another individual; a mental state indicating a disposition in disregard of social duty and a tendency toward malfeasance.

The California Appellate courts have said: "[I]t is not essential to liability that a trier of fact find a malicious or evil purpose. It is enough that defendant 'devoted little or no thought' to probable consequences of his conduct." (KOVR-TV, Inc. v. Superior Court (1995) 31 Cal.App.4th 1023, 1031—1032 [37 Cal.Rptr.2d 431], internal citation omitted.)  The California Supreme Court has said that the requirement of reckless conduct is satisfied by a showing that the defendant acted in reckless disregard of the probability that the plaintiff would suffer emotional distress. (Little v. Stuyvesant Life Insurance Co. (1977) 67 Cal.App.3d 451, 462 [136 Cal.Rptr. 653]; Cervantez v. J.C. Penney Co. (1979) 24 Cal.3d 579, 593 [156 Cal.Rptr. 198, 595 P.2d 975].)

Government officials are required to obtain prior judicial authorization before intruding on a parent's custody of her child unless they possess information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury. (*Mabe v. San Bernardino County*, 237 F.3d 110, 1106 (9th Cir. 2001) citing Wallis at 1138, emphasis added.) They cannot circumvent this requirement by obtaining a warrant by way of judicial deception.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

20

Therefore, the Complaint sufficiently states facts to support the Plaintiffs State

Causes of Action, which stem from the judicial deception perpetrated by the Defendants

for the sole purpose of abusing their authority and using the color of law to unlawfully

remove the child from her custodial mother.

### 4. Absolute And Qualified Immunity Does Not Apply To Shield Defendants From Liability For Judicial Deception, Which Is The Underlying Act Supporting First To Eight Causes Of Actions Of The Plaintiffs' Second Amended Complaint. The Complaint States Sufficient Facts To State A Claim Under First To Eight Causes Of Actions Of The Plaintiffs' Complaint.

Defendants argue that the social workers are entitled to absolute immunity against

all of the causes of actions brought by Plaintiffs and that at least "qualified immunity bars

all claims against the Social Worker Defendants."

Defendants are correct that absolute immunity applies to the decision to

initiate dependency proceedings (i.e. file a Petition to start a case in juvenile court) or

discretionary decisions and recommendations that are not functionally similar to

prosecutorial or judicial decisions. (*McMartin v. Children's Inst. Int'l*, 212 Cal. App. 3d

1393, 1404 (1989); (Gov. Code § 820.2 (discretionary immunity.)

However, the Plaintiffs First to Eight Causes of Actions are about the underling

act of judicial deception in obtaining the warrant for the sole purpose of unlawful

removal of the child from her custodial mother's rightful custody, not filing a Petition.

Nor is it about a discretionary decision by any of the social workers, instead about their

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

21

lies and material omissions contained in the warrant and the later reports to ensure the removal and the continued detention of the child from her mother. Therefore, neither absolute or qualified immunity applies to shield the defendants of their deceptive actions.

To illustrate, there is no contention, express or implied, in the Complaint, that anyone is being sued for commencing a juvenile proceeding. The law pertaining to the judicial deception in the warrant to remove a child (rather than the ministerial act of filing a Petition after having removed the children) is clearly established:  Government officials are required to obtain prior judicial authorization before intruding on a parent's custody of her child unless they possess information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury. (*Mabe v. San Bernardino County*, 237 F.3d 110, 1106 (9th Cir. 2001) citing *Wallis* at 1138, emphasis added.) They cannot circumvent this requirement by obtaining a warrant by way of judicial deception.

In addition, there is certainly no "absolute immunity" for lying in a Warrant or in a dependency Petition nor a discretion to do so. Neither witness nor prosecutorial immunity apply when there are allegations that a social worker made misrepresentations or was deceptive in instituting prosecutorial proceedings. See *Beltran v. Santa Clara County*, 514 F.3d 906, 908–09 (9th Cir. 2008); *Cunningham v. Gates*, 229 F.3d 1271, 1291 (9th Cir. 2000).

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

From *Beltran*, en banc opinion: "But they are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury, because such actions aren't similar to discretionary decisions about whether to prosecute." (*Beltran*, 514 F.3d 906, 908 (9th Cir. 2008).)

Here, the Defendants are alleged to have either knowingly or with reckless disregard, sworn out allegations which were false, and submitted them to the juvenile court to continue the unlawfully obtained possession of the minor child and ensured continued detention from mother. Moreover, Plaintiffs doe not have to plead malice to overcome absolute and/or qualified immunity, there's no support in the law for that. That requirement won't be found in *Pearson v. Callahan* 555 U.S. 223 (2009) or in *Saucier v. Katz*, 533 U.S. 194 (2001), as any necessary element of overcoming a "qualified immunity" claim/defense. Regardless, the Plaintiffs have pled that the removal and continued of the Minor from Mother was malicious prosecution in retaliation to her filing administrative complaint against Sosa and threatening to sue the Defendants for harassment.

Therefore, the Complaint sufficiently, plausibly alleges where the underlying act is the judicial deception – no immunity applies to shield the defendants of these actions.

Qualified immunity requires more discussion and also does not apply to the Defendants in this case. In their amended complaint, Plaintiffs allege that Defendants

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

23

engaged in a wholly premeditated campaign of retaliation against Mother and threatened to and did unlawfully remove her child from her custody, because she filed an administrative complaint against Sosa, threatened to sue Tigarino, Sosa, and Ramirez, and was perceived racist because she reported that Father, who was Hispanic, had threatened her much harm. Her child was removed soon after Mother exercised her constitutional rights of free speech.

Prior cases establish that even a months-long gap between protected activity and retaliatory conduct can suffice to plead proximate connection. *Allen v. Iranon*, 283 F.3d 1070, 1078 (9th Cir. 2002) ("[A]n eleven-month gap in time is within the range that has been found to support an inference that [a] ... decision was retaliatory."). Taking Plaintiffs' allegations as true, this Court should find that Plaintiffs have sufficiently pled a causal connection between the retaliation and violation of her constitutional rights by way of judicial deception. See *Rayford v. Omura*, 400 F. Supp. 2d 1223, 1232 (D. Hawaii 2005) (finding plaintiff set forth sufficient facts that defendants acted to deter plaintiff's speech based, in part, on allegation that defendants' purported retaliatory conduct occurred within eleven days). Accordingly, the Plaintiffs § 1983 claims for juridical deception are sufficiently stated and should not be dismissed.

Moreover, Defendants argue that the social workers are still entitled to qualified immunity due to the lack of an established right in the social worker context. This argument is without merit. Under the first prong of qualified immunity, the court

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

24

considers whether the law governing the social worker's conduct was "clearly

established." *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101,

1107 (9th Cir. 2001). The second prong focuses on whether a reasonable official in the

Defendants' position "could have believed her conduct was lawful." *Id.*

Here, the Defendants social workers were clearly on notice by statutory and case

law and duty to investigate and report - that what they were doing was simply very

wrong. The Defendants deliberately withheld official information from the juvenile court

about the family law and criminal court proceedings relevant to the family while

reporting only unsubstantiated reports by Father and paternal family, which was

discredited in family court, to advance a fabricated theory that mother was mentally

unstable for the sole purpose of removing and continuing to detain the Minor from her

custodial Mother.

While the Supreme Court does "not require a case directly on point" in order for a

right to be clearly established, "existing precedent must have placed the statutory or

constitutional question beyond debate." al-Kidd, 563 U.S. at 741. "This is not to say that

an official action is protected by qualified immunity unless the very action in question

has previously been held unlawful . . . but it is to say that in the light of pre-existing law,

the unlawfulness must be apparent." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (citation omitted).

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

25

As discussed earlier, the relevant portions of the Welfare and Institutions Code placed Defendants social workers on notice that family law proceeding were material, that they had a duty to conduct due diligence investigation and report to the juvenile court, and that false information to achieve placement of a minor in a facility is a misdemeanor. Ninth Circuit also states that qualified immunity does not apply when social workers used perjured testimony in a child custody matter, *Hardwick v. Cty. of Orange*, 844 F.3d 1112 (9th Cir. 2017), and a police officer pulled over a driver without reason beyond the driver's rude gestures, *Duran v. City of Douglas*, 904 F.2d 1372 (9th Cir. 1990).

As argued above, most instructive here is the decision in *Hardwick, supra, at* 1112, which squarely renders the Defendants' argument for qualified immunity without merit. In *Hardwick*, a child brought a § 1983 action against county social workers, alleging that the social workers maliciously used perjured testimony and fabricated evidence to secure the child's removal from her mother. 844 F.3d at 1114.

Ninth Circuit in *Hardwick* held, "No official with an IQ greater than room temperature in Alaska could claim that he or she did not know that the conduct at the center of this case violated both state and federal law. The social workers in this case are alleged to have knowingly and maliciously violated the law in their attempt to sever Preslie's protected relationship with her mother. Perjury is a crime under both federal and California state law, as is the knowing submission of false evidence to a court. 18 U.S.C.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

26

§ 1621; Cal. Penal Code § 118. Both crimes make no distinction between criminal and civil proceedings. This malicious criminal behavior is hardly conduct for which qualified immunity is either justified or appropriate. The doctrine exists to protect mistaken but reasonable decisions, not purposeful criminal conduct. As the Supreme Court repeated in Sheehan, officials who knowingly violate the law are not entitled to immunity. 135 S.Ct. at 1774 (quoting Ashcroft, 131 S.Ct. at 2085)." *Hardwick*, 844 F.3d at 1118–19.

Ninth Circuit in Hardwick continued: "Cal. Gov't Code § 820.21. Section 820.21 did not come about because of someone's academic concern about possible wrongful conduct by social workers in connection with dependency proceedings. The Bill, Assemb. B. 1355, 1995–96 Reg. Sess. (Cal. 1995) ("AB 1355") was the direct result of a notorious case, *James W. v. Super. Ct.*, 17 Cal.App.4th 246, 21 Cal.Rptr.2d 169 (1993), wherein the trial court granted absolute immunity for egregious acts resulting in the removal of a child from her family. Although the trial court was reversed on appeal, the issue generated statewide concern. AB 1355 was hotly debated and opposed by the County Welfare Directors, the National Association of Social Workers, the California State Association of Counties, the California Independent Public Employees Legislative Council, Inc., and the California State Council of the Service Employees International Union. See Cal. B. Analysis, 1995–96 Reg. Sess., Assemb. B. 1355 (Sept. 8, 1995). We find it utterly implausible that social workers in California were not aware in 1999 of this recent change in the law." *Hardwick*, 844 F.3d at 1118–19.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

27

"Just as the Court in *Hope* used an ADOC regulation and a DOJ report to support its conclusion that the officials were on fair notice of the wrongfulness of their conduct, here, a pertinent state statute warns defendants in unmistakable language of the personal consequences of lies, perjury, and deception: the loss of immunity for such conduct. Furthermore, the statute focuses on behavior designed wrongfully to affect dependency proceedings in court, the citadel of Due Process." *Hardwick*, 844 F.3d at 1118–19.

"We believe this is the kind of case the Supreme Court had in mind in *Hope* when it talked about conduct so clearly and obviously wrong that the conduct itself unmistakably 'should have provided [defendants] with some notice' that their alleged conduct violated their targets' constitutional rights. 536 U.S. at 745, 122 S.Ct. 2508." *Hardwick*, 844 F.3d at 1120.

Here, Defendants were on notice and the law was clearly established that that they could not deceive the juvenile court to obtain desired results. To Defendants cannot reasonably argue that it was no importance for the juvenile court, either at approving warrant for removal or continued detention of the Minor, to learn that mother was simply following family court's custody and visitation orders when she was not permitting unmonitored visits between Minor and Father and that, as opposed to a mentally unstable parent, she was being a protective parent given the finding of sexual abuse by Father. It is also very unreasonable for the Defendants to argue that the juvenile court would not have been interested to know that father was pending criminal charges for repeated harassment

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

28

of Mother and Minor. Hence, the whole argument that deliberate withholding of this official information to support a theory that mother was unstable when she kept the child from Father and paternal family was anything but fabricated, malicious, and in retaliation to mother's conduct is without merit.

"[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope*, 536 U.S. at 741. Taking Plaintiffs' allegations as true, this Court should find that dismissal of the amended complaint on the basis of absolute or qualified immunity would be wholly inappropriate. Reasonable social workers in Defendants' positions know or should know that baselessly taking action that could lead to a child being wrongfully removed from its parents would rule afoul of the First Amendment. See Rayford, 400 F. Supp. 2d at 1234 (denying motion to dismiss and finding social worker defendants not entitled to qualified immunity on plaintiff's First Amendment retaliation claim).

Accordingly, this Court should find that Defendants are not entitled to absolute or qualified immunity and should deny to dismiss Plaintiffs' judicial deception claims against the Defendants, First to Eight Causes of Actions.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

29

### 5.     The Complaint States Sufficient Facts To State A Claim Against Defendants Soso and Ramirez.

Defendants claim that Plaintiff's allegations against Defendants Sosa, who authored the deceiving warrant, and her supervisor Ramirez, who approved it in her supervisory capacity, are insufficient to make them defendants.

This argument is without merit. Complaint alleges plenty of facts to the contrary. In particular, the complaint shows that Mother had a direct telephone conversation with Ramirez after Tigerino threatened to sue her for mental instability and take her child away, based on reports from Father. During her conversation with Ramirez, mother complained about being harassed by the social workers for repeated unfounded allegations made by Father. She told her story, informed about the Family Court findings and Orders, the sexual abuse of the Minor by Father, the pending criminal charges against Father, and offered to send copies of the documents. Ramirez was not interested and showed no compassion. Mother threatened to sue DCFS and Ramirez said that she had a friend who was a lawyer, as if go ahead.

Then Sosa showed up to mother's home without a warrant. She was very unpleased that mother wanted her attorney present during the interview. Mother's attorney left Sosa a message to meet with mother and the minor, but Sosa did not respond. Sosa instead obtained a warrant to enter mother's home for an interview. During this interview, Sosa with detective who was present about how to remove the minor as they did not have enough basis for immediate removal under Welfare and Institutions

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

30

Code section 305. She called Ramirez and the two discussed who to remove the Minor, even when mother's home was presumably safe and the Minor was not in any imminent harm. They discussed already placed with the paternal aunt so to allow Minor access to Father. Sosa stated, "I need to go and take the child with me, but I need to speak with my lawyer" Thus, they planted a removal even when there was no need or legal basis for it. The only way to achieve this was through a fabricated and wholly false application for a warrant that mislead the juvenile court to believe that mother was somehow mentally unstable. Had the court known that mother's actions were guided by the existing family court custody and visitation orders, and that Father was facing criminal charges for harassing mother, the application for the warrant wouldn't stand a chance as it was bogus.

Hence, Ramirez was at all relevant times not only Sosa's supervisor, she took a very active role regarding planting the removal and approving the fabricated application for the warrant to remove the Minor from the Mother.

Further, as to Ramirez's "participation" in the removal, Plaintiffs need not show that Ramirez physically participated in the removal. It is enough to show she, "integrally" participated, which as a supervisor to Sosa, with whom Sosa consulted with and obtained agreement with on the decision to remove, the reasonable, plausible inference is that Ramirez is a person potentially liable for the removal of the child. [*Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004); see also, *Anderson v. County of Sonoma*, 2009 WL 1458240, at *7, affirming Dist. Ct., at 415 Fed.Appx. 6, 9-10 (9th Cir. 2011) – citing

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

31

"joint" decision between defendants not entitled qualified immunity in summary judgment ruling.)]

Lastly, Sosa achieved the removal by misleading the Minor to believe that she was going to Americana At Brand to have a good time, and then placing her in dangerous situation when transporting her on her lap in the front seat, constrained by her arms, intead of a car seat.

Accordingly, the Second Amended Complaint is well beyond establishing the plausible violation of the Plaintiffs' rights caused by Sosa and Ramirez's joint participation and joint decision making in the removal of the Minor from her custodial Mother.

**6.     The Complaint States Sufficient Facts To State A Claim Against Defendants Cothern, Carey, and Bruce.**

As to Defendants Cothern, Carey, and Bruce, the Second Amended Complaint sufficiently sets forth facts to state a claim as follows:

"64. Specifically, after the DCFS initiated a dependency case against MOTHER by filing a dependency petition, MOTHER spoke to and send emails to different social workers assigned to her case, including Social Workers JOANNE COTHERN and STEPHEN CAREY. As to CAREY, MOTHER was interviewed by CAREY at the DCFS office on or about March 2016 in preparation of the jurisdictional hearing. MOTHER provided CAREY with documents from the existing FAMILY COURT,

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

32

which were the findings of sexual abuse by FATHER, the sole custody orders to

MOTHER, and monitored visits to FATHER. MOTHER provided CAREY with

letter from Dr. Reinhart about the MINOR being sexually abused by FATHER.

MOTHER also informed CAREY that FATHER had mental health history, and

provided three documents confirming his history of Bipolar disorder. Mother

informed CAREY that FATHER had been harassing her, and as a result, she filed

several police reports, had a restraining order from 2013 to 2015, and he was

convicted for at least one conduct in September 2015. CAREY conveniently left out

these documentary evidence provided by mother and did not MENTION OR

ATTACH THESE DOCUMENTS to his mandated jurisdiction and disposition and

supplemental reports to the juvenile court. To achieve continued detention, CAREY

maliciously claimed that mother was emotionally unstable and was a danger to her

child without disclosing the legal reasons for MOTHER'S actions.

65.  CAREY also misquoted and misrepresented statements made by third parties to

put mother in a bad light, who later came forward and put in writing CAREY'S

misrepresentations about their statements, including Dr. Reinhart, Edwart R., and

Gina S.

66.  CAREY'S supervisor HOLLY BRUCE approved these MALICIOUSLY

DECEPTIVE reports by signing them after reviewing the file."

(SAC pp. 32-33, par. 64-66.)

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

33

As to Carey, he was additionally involved in the unauthorized immunization of the Minor without Mother's consent or presence. To illustrate,

"69. As to unauthorized medical procedures, MOTHER also vehemently objected in person and in writing (emails) to her case carrying social workers and named defendants about the DCFS' position to vaccinate and forever inject her child with immunizations. Specifically, MOTHER sent her first email about objecting to the MINOR being vaccinated while out of her custody on March 30, 2016 7:14 pm to many social workers, including CAREY at Careys@dcfs.lacounty.gov and HELWAJIAN at helwam@dcfs.lacounty.gov. On March 31, 2016, CAREY, while coping HELWAJIAN replied letting MOTHER know that MINOR was not vaccinated by the aunt, with whom she was placed. On April 6, 2016 8:31 pm, MOTHER sent a second email to many, including CAREY and HELWAJIAN with an attachment showing a waiver of vaccination that she had signed to a preschool. On June 3, 2016 8:31 pm CAREY sent MOTHER an email of notice to let MOTHER know that on June 9, 2016, DCFS was requesting to vaccinate the MINOR and put her in school. On June 4, 2016 at 12:35 pm, MOTHER sent a reply about that notice to CAREY AND HELWAJIAN stating her objection to the vaccination based on several medicinal, religious, and personal belief factors.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

34

"70. CAREY AND HELWAJIAN arranged for MINOR to be immunized at five years old, on or about June 2016, before being declared a dependent of the juvenile court when she was not in school and there was no law that would support such immunization at the time. CAREY AND HELWAJIAN did not inform MOTHER when and where the MINOR was to be vaccinated and effectively did not permit MOTHER'S presence during this procedure."

(SAC pp. 35-36, par. 69-70.)

Therefore, the Complaint sufficiently sets forth the violation of the Plaintiffs' rights caused by Defendants Cothern, Carey, and Bruce failure to include this mandated information in their reports to the juvenile court for the sole purpose of securing continued detention of the Minor from her custodial Mother. Thus, the Second Amended Complaint contains sufficient factual matter, when accepted as true, states claims of relief that allow this Court to draw reasonable inferences and, therefore, are plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, Defendants' Motion to Dismiss Second Amended Complaint should be denied in its entirety.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

35

### 7. The Complaint States Sufficient Facts To State A Claim Under Ninth and Tenth Causes of Action The Plaintiffs' Complaint - Unauthorized Medical Procedures.

Plaintiffs are asserting substantive due process claims for the invasive and not agreed to medical procedures pursuant to *Wallis v. Spencer* 202 F.3d 1126 (9th Cir. 2000) and *Swartwood v. Cnty. of San Diego*, 84 F.Supp.3d 1093 (S.D. Cal. 2014).

Mother raises a 14th Amendment Violation of her right to Familiar Association when her child was forever injected with vaccines Mother clearly was against and in Mother's absence. When the Minor was immunized with five years worth of immunizations only in a few months, or or about June 2016, she was not of school age nor was she a dependent of the juvenile court. In California, the children must be 6 years old as of September 1 to be permitted to attend first grade that academic year. Thus, the Minor was to start school in September 2017, because her birthday is in November, and no law or court jurisdiction permitted the unlawful immunization of the Minor without Mother's consent or presence.

In September 2017, Mother could have choses to homeschool her child all together in order to avoid immunizations or to decide at that time if she wanted to proceed with immunizing her child. The Defendants Carey, Helwajian, and the County of Los Angeles, overstepped Mother's 14th Amendment Rights to Familiar

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

36

Association when they forever injected the Minor with vaccines Mother clearly was against and in Mother's absence.

Similarly, the Defendants Carey, Helwajian, and the County of Los Angeles, violated the Minor's 14th Amendment right to familial association and the rights to the care, comfort, and presence of her Mother during medical evaluations and/or procedures. The Defendants violated the Minor's 1st and 4th Amendment rights of privacy of her body. Lastly, by the very invasive and the irreversible immunizations, the Defendants' violated the Minor's right to be free from unreasonable search and seizure pursuant to the 1st and 4th Amendments to the U.S. Constitution.

Requiring someone to submit to a medical examination invades an expectation of privacy that "society is prepared to consider reasonable," and thus clearly implicates the Fourth Amendment. *Yin v. State of Cal.*, 95 F.3d 864, 870 (9th Cir. 1996) (internal citation omitted). The Supreme Court has previously held that blood tests, urinalysis, and breathalyzer tests are searches implicating Fourth Amendment rights. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

37

Forever injecting minor with unwanted vaccines is far more intrusive than investigative exams held unconstitutional in *Wallis v. Spencer* 202 F.3d 1126 (9th Cir. 2000) and *Swartwood v. Cnty. of San Diego*, 84 F.Supp.3d 1093 (S.D. Cal. 2014), because there is no way to reverse its effects. The Defendants' pursued and attempt for an order when the juvenile court had no jurisdiction over the Minor and no state law required such immunization further shows that any order obtained for was an improper purpose of violating Mother's and Minor's constitutional rights discussed above.

No absolute immunity or qualified immunity applies as argued before. As particular to this issue, the law was clearly established that the parents have a right to make vaccination decisions until the child is school aged in California. This was a hotly contested issues that resulted in change of law in July 1, 2016, a month after the vaccinations in this case. "On June 30, 2015 Governor Brown signed SB 277 and personal and religious belief exemptions will not be allowed in California, effective July 1, 2016.  However, if a parent files a letter or affidavit stating beliefs opposed to immunization prior to Jan. 1, 2016 that exemption will apply until the next grade span." (https://www.nvic.org/Vaccine-Laws/state-vaccine-requirements/california.aspx)

Thus, Defendants knew of this hotly contested issue and the law that was pending, but not yet effective, they overstepped their boundaries and violated Mother's and Minor's constitutional rights when they wrongly obtained an order to inject her with

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

vaccines before she was even a dependent of the court, or due for school, and while having a waiver from mother that was effective even under the new law.

Therefore, the Complaint sufficiently states facts to support the Plaintiffs Ninth and Tenth Claim for Relief and no immunity applies to Defendants.

## 8.     The Complaint States Sufficient Facts To State A Claim Under The Eleventh Claim Of Relief.

Plaintiffs set forth sufficient facts to show that the County is responsible under a type of vicarious liability, as discussed in the case for which it is named – Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).

Throughout the Complaint, Plaintiffs set forth facts which satisfy the required elements for Monell liability.  (See Comp. ¶8-15.) The Complaint clearly states, inter alia, that the County "promulgated ... policies...under which the individual Defendants . . .committed the acts or omissions complained of herein. (Comp. ¶8-15). Clearly no extended argument is required to establish the plausibility of the proposition that the County had policies, or that County employees followed them.

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

## IV.   Conclusion

For the foregoing reasons, Plaintiffs request that Defendants' Motion to Dismiss Second Amended Complaint be denied in its entirety. At the minimum, Plaintiffs should be given a right to amend it.


Date:  June 18, 2018                                          Serobian Law, Inc.



                                                  ____/S/ Liana Serobian_____
                                                       Liana Serobian, Esq.
                                                        Serobian Law, Inc.
                                                      Attorney for Plaintiffs

Opposition to Defendants' Motion to Dismiss Second Amended Complaint
Ulikhanova, et al., v. County of Los Angeles, et al.
Case No. CV17-9193

40