Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbllp.com
Ryan A. Graham, Esq., Bar No.: 310186
rgraham@pbbllp.com
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
Tel ....818.562.5800
Fax....818.562.5810

Attorneys for Defendants,
STEVE CAREY and MARAL HELWAJIAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ULIKHANOVA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, *et al.*,<br><br>    Defendants. | Case No. 2:17-CV-9193-FMO-E<br><br>Hon. Fernando M. Olguin (Dist. Judge)<br>Hon. Charles F. Eick (Mag. Judge)<br><br>**DEFENDANTS STEPHEN CAREY'S AND MARAL HELWAJIAN'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Complaint Filed: December 28, 2017<br>FAC Filed: April 19, 2018<br>SAC Filed: May 18, 2018<br>TAC Filed: July 2, 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS:

Defendants Stephen Carey and Maral Helwajian ("Defendants," collectively) answer Plaintiff's Third Amended Complaint for Damages (TAC) (ECF No. 39) as follows.

## JURISDICTION; VENUE[1]

1–2. Paragraphs 1 and 2 present Plaintiffs' conclusions of law regarding the bases of jurisdiction and venue and therefore require no response. To the extent that any response is required, Defendants lack sufficient knowledge or information to

---

[1] In the present answer, Defendants track the headings used by Plaintiffs—verbatim—and make no corrections for spelling.

form a belief about the truth of the allegations in paragraphs 1 and 2.

### ADDED DEFENDANTS SUBSTITUTED IN FOR DOES 1-10

3. Paragraph 3 is a preliminary statement identifying the parties and setting forth legal conclusions regarding the substitutions of Defendant Helwajian and a previous, now-dismissed defendant as DOE defendants that requires no response. To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

### TORT CLAIM COMPLIANCE

4. Answering paragraph 4, Defendants deny the allegations.

### PLAINTIFFS

5–6. Paragraphs 5 through 6 are preliminary statements identifying the parties and setting forth legal conclusions that require no response. To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

7. Answering paragraph 7, Defendants deny the allegations.

8. Answering paragraph 8, Defendants deny the allegations.

### DEFENDANT COUNTY OF LOS ANGELES

9–14. Paragraphs 9 through 14 set forth allegations of policy related to the second claim for relief, which has been dismissed with prejudice (ECF No. 71) and was never alleged against Defendants Carey or Helwajian in the first place, and therefore no response is required. To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

15–16. Paragraphs 15 through 16 are preliminary statements identifying the parties and setting forth legal conclusions that require no response. To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

///

## INDIVIDUAL COUNTY DEFENDANTS

17–18. Paragraphs 17 through 18 are preliminary statements identifying the parties and setting forth legal conclusions that require no response. To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

## GENERAL ALLEGATIONS

19–20. Paragraphs 19 and 20 are Plaintiffs' conclusions of law concerning personal capacity lawsuit and official capacity lawsuits and therefore no response is required. To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

21. Paragraph 21 is a restatement of the Bane Act, related to the sixth claim for relief, which has been dismissed, with prejudice (ECF No. 71), and therefore no response is required. To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

22. Answering paragraph 22, Defendants deny the allegations.

23. Paragraph 23 presents Plaintiffs' legal conclusions regarding immunity, which were expressly rejected by the Court in its order granting and denying the two motions to dismiss the Third Amended Complaint (ECF No. 71), and therefore requires no response. To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

24. Paragraph 24 presents Plaintiffs' legal conclusions regarding the timeliness of the filing of the original complaint and therefore requires no response. To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 24.

25. Answering paragraph 25, Defendants admit the allegations.

///

26–27. Answering paragraphs 26 and 27, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

28. Answering paragraph 28, Defendants admit that Plaintiff Ulikhanova filed a petition for dissolution of marriage on May 8, 2013 through attorney Robert Holmes. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 28.

29. Answering paragraph 29, Defendants admit that, at some point during the juvenile dependency proceedings, Brian G. tested positive for methamphetamines. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 29.

30. Answering paragraph 30, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

31. Answering paragraph 31, Defendants admit that the family court granted Plaintiff Ulikhanova's request for a restraining order in a form DV-130 on March 26, 2014 and, in a form DV-140, granted legal and physical custody of Plaintiff P.G. to Plaintiff Ulikhanova and gave Brian G. visitation. Defendants lack sufficient information or knowledge to form a belief as to whether the family court "set up unmonitored visitations with MINOR as the issue of sexual abuse was not yet litigated."

32. Answering paragraph 32, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

33. Answering paragraph 33, Defendants admit that a sexual abuse referral was generated on April 28, 2014 but lack sufficient information or knowledge to form a belief as to whether it originated from law enforcement. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 33.

34. Answering paragraph 34, Defendants admit that Plaintiff Ulikhanova filed a substitution of attorney in her divorce case on May 30, 2014 adding Ronald Funk

as her attorney in that proceeding. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 34.

35. Answering paragraph 35, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Dr. Reinhart reached any specific opinions by any specific dates. Defendants lack sufficient information or knowledge to form a belief as to whether Dr. Reinhart called DCFS directly to make a report of abuse but admit that she called the Irvine Police Department to report Brian G. on August 31, 2015. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 35.

36. Answering paragraph 36, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

37. Answering paragraph 37, Defendants deny that social worker supervisor Lana Mejia investigated any allegations of sexual abuse but admit that a subordinate of social worker supervisor Laura Mejia investigated the allegations. Defendants admit that the investigation was closed as inconclusive. Defendants lack sufficient information or knowledge to form a belief as to the alleged June 4, 2015 telephone message, whether a transcription of the message was submitted to the family court, or whether Laura Mejia specifically closed the referral.

38–39. Answering paragraphs 38 and 39, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

40. Answering paragraph 40, Defendants admit that 730 evaluations were ordered in the juvenile dependency proceedings and that the 730 evaluation report states that Brian G. told the evaluator that he (Brian G.) made reports to DCFS that Plaintiff P.G. was in danger. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 40.

///

41. Answering paragraph 41, Defendants admit that Rhonda White investigated a referral involving Plaintiffs in February 2015, that Rhonda White interviewed Plaintiff P.G., and that the investigation was closed as unfounded. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations concerning any meetings between Rachel Raymond, Rhonda White, or any attorney from the Office of County Counsel. Defendants also lack sufficient knowledge or information to form a belief about the truth of any letter sent to Plaintiffs by Rhonda White or paperwork provided to Rhonda White or the Office of County Counsel.

42. Answering paragraph 42, Defendants admit that a 5-day referral was generated on October 4, 2015 alleging emotional abuse to Plaintiff P.G. by Plaintiff Ulikhanova. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff Ulikhanova was not a threat to herself.

43. Answering paragraph 43, Defendants admit that the referral was initially referred to Ronald Tigerino. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

44–48. Answering paragraph 44 through 48, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

49. Answering paragraph 49, Defendants admit that, at some point, the referral was reassigned from Ronald Tigerino to Maria Sosa ("Sosa"), but lack sufficient knowledge or information to form a belief about the truth of the allegation that such reassignment was affected at the behest of Vickie Ramirez ("Ramirez") or that it occurred on November 17, 2015. Defendants admit that Sosa made an in-person response on November 17, 2015 to the home of Plaintiffs, that Plaintiff Ulikhanova refused to permit Sosa to see Plaintiff P.G. in-person, and that Plaintiff Ulikhanova made Plaintiff P.G. visible through a hole in her door. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

50–53. Answering paragraphs 50 through 53, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

54. Answering paragraph 54, Defendants deny that Mary L.R. is the sister of Brian G., as she is the aunt of Brian G., not the aunt of Plaintiff P.G. Defendants admit that Mary L.R. has a licensed day care and that, at some point, she agreed to care for Plaintiff P.G. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations concerning the conversation between Ramirez and Mary L.R. and the remaining allegations in paragraph 54.

55–57. Answering paragraphs 55 through 57, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

58. Answering paragraph 58, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations concerning the topics of any telephone call between Plaintiff Ulikhanova and Sosa on December 2, 2015. Defendants admit that, at some point, Sosa applied for a warrant to interview Plaintiff P.G. and that the application was granted. Defendants lack sufficient knowledge or information to form a belief about the truth of the following allegations: that "SOSA reported that on December 4, 2015, she texted Rachel Raymond to find out the status of the interview"; that "[t]hat same day or close after, Rachel Raymond, from her office and in the presence of Chris V., telephoned SOSA and left SOSA a message to set up an interview with MOTHER and MINOR in the family home"; and "SOSA did not return attorney Raymond's message to set up an interview with MOTHER and MINOR."

59. Answering paragraph 59, Defendants admit that Sosa met with Brian G. at the DCFS office in Pasadena in December 2015 but lack sufficient knowledge or information to form a belief about the truth of the allegation that it occurred specifically on December 7, 2015. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations concerning specific admissions made by Brian G., complaints made by Brian G. about DCFS, whether

Brian G. gave a disk to Sosa during the meeting, what Brian G. claimed the disk contained, Sosa's personal beliefs about Brian G.'s being "all over the place," or Brian G.'s denials that he had any mental illness. Defendants admit that Brian G. was asked to submit to a drug test but lacks sufficient knowledge or information to form a belief about the truth of the allegation that the test was specifically requested to take place the following day. Defendants admit that the application for removal does not state "if the disk was reviewed and the content therein," but lacks sufficient knowledge or information concerning the allegation that such omission necessarily "leave[s] it a possibility that FATHER'S claims were true, but in reality these were false" to form a belief about its truth.

60–65. Answering paragraphs 60 through 65, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

66. Answering paragraph 66, Defendants admit that Plaintiff P.G. was not removed from the custody of Plaintiff Ulikhanova on December 30, 2015. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

67. Answering paragraph 67, Defendants admit that Maria Herrera Sosa signed a statement of cause, dated January 7, 2016, in support of an application to remove Plaintiff P.G. that is 19 pages long. With respect to the "judicial deception" allegations, no response is required insofar as such allegations are alleged in support of causes of action that have been dismissed with prejudice. (*See* ECF No. 71.) To the extent that a response is required to the "judicial deception" allegations, Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 67.

68. Answering paragraph 68, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations concerning the authorship of the application for removal. No response to the remaining allegations

in the paragraph is required insofar as those allegations concern claims that have been dismissed, with prejudice. (ECF No. 71.)

69. Answering paragraph 69, no response is required insofar as the paragraph is alleged in support of causes of action that have been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required, Defendants admit that the two quoted passages are contained on page 9 of the statement of cause, deny the allegation that "RAMIREZ wrote that she agreed with FATHER that MOTHER was experienced a mental episode and wholly mislead the court to believe the sexual abuse allegations were unreliable and had to be reevaluated," and lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

70–78. Answering paragraphs 70 through 78, no response is required insofar as the paragraphs are alleged in support of causes of action that have been dismissed with prejudice. To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

79. Answering paragraph 79, Defendants admit that Plaintiff P.G. was removed from the custody of Plaintiff Ulikhanova on January 13, 2016. No response to the remaining allegations in the paragraph is required insofar as those allegations concern claims that have been dismissed, with prejudice. (ECF No. 71.)

80. Answering paragraph 80, Defendants admit that Plaintiff P.G. was placed with Brian G.'s aunt upon removal. With respect to the remaining allegations in paragraph 80, no response is required insofar as those allegations are alleged in support of causes of action that have been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

///

81. Answering paragraph 81, no response is required insofar as it is alleged in support of a cause of action that has been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

82. Answering paragraph 82, Defendants admit that the juvenile court ordered Plaintiff P.G. to be sent to the home of her mother in a minute order dated April 28, 2017 under the supervision of DCFS. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

83. Answering paragraph 83, Defendants admit that the juvenile court terminated jurisdiction on November 28, 2017 and stayed that decision until December 1, 2017 pending receipt of a juvenile custody order. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations concerning Brian G. or the nature of the family court's orders. Defendants deny the remaining allegations.

84–85. Answering paragraphs 84 and 85, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

86. Answering paragraph 86, Defendants admit that a dependency petition was filed with respect to Plaintiffs and that Plaintiff Ulikhanova has, at various times, corresponded with social workers via email. Defendants admit that Plaintiff was interviewed by Defendant Carey on March 17, 2016 at the Pasadena DCFS office in connection with jurisdiction and disposition proceedings. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations that Plaintiff Ulikhanova provided specific documents to Defendant Carey in the course of the March 17, 2016 interview.

///

87–90. Answering paragraph 87 through 90, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

91–93. Answering paragraphs 91 through 93, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

94. Answering paragraph 94, Defendants deny the allegations.

95. Answering paragraph 95, Defendants deny the allegations.

96. Answering paragraph 96, Defendants deny the allegations.

97. Answering paragraph 97, Defendants deny the allegations.

98. Answering paragraph 98, Defendants deny the allegations.

99. Answering paragraph 99, Defendants deny that Plaintiffs are entitled to any punitive damages, but admit that Plaintiffs' Third Amended Complaint does pray for such damages.

**FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS**
**(42 U.S.C. §1983) – JUDICIAL DECEPTION**
**COUNT ONE (Violation of 4th Amendment – Unlawful Seizure)**
**By Plaintiffs Against Social Worker Defendants TIGERINO, SOSA, RAMIREZ, AND CAREY and Does 1 through 10, Inclusive**

100–116. Answering paragraphs 100 through 116, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required, Defendants Helwajian and Carey lack sufficient knowledge or information to form a belief about the truth of the allegations.

///
///
///

**DEFENDANTS CAREY'S AND HELWAJIAN'S ANSWER TO THE THIRD AMENDED COMPLAINT**
Case No. 2:17-CV-9193-FMO-E

N:\files\2003-Ulikhanova (COLA)\Pleadings\Answer_(Defs_Carey_Helwajian).docx

**COUNT TWO (Violation of 14th Amendment – Interference With Familial Relations) By Plaintiffs Against Social Worker Defendants TIGERINO, SOSA, AND RAMIREZ, CAREY and Does 1 through 10, Inclusive**

117–128. Answering paragraphs 117 through 128, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required, Defendants Helwajian and Carey lack sufficient knowledge or information to form a belief about the truth of the allegations.

**(COUNT THREE) Violation of 14th Amendment – Presentation of False Evidence**

**By Plaintiffs Against County, DCFS, Social Worker Defendants TIGERINO, SOSA, AND RAMIREZ, CAREY and Does 1 through 10, Inclusive**

129–134. Answering paragraphs 129 through 134, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required, Defendants Helwajian and Carey lack sufficient knowledge or information to form a belief about the truth of the allegations.

**SECOND CAUSE OF ACTION 42 U.S.C. §1983 - MONELL-RELATED CLAIMS**

**By Plaintiffs Against County, DCFS,**
**and Does 1 through 10, Inclusive**

135–142. Answering paragraphs 135 through 142, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice (ECF No. 71) and, in any case, was never alleged against Defendants Helwajian or Carey in the first place (ECF No. 39, at 60). To the extent that any response is required, Defendants Helwajian and Carey lack sufficient knowledge or information to form a belief about the truth of the allegations.

## THIRD CAUSE OF ACTION FOR ABDUCTION OF A CHILD
## [CIVIL CODE §49(A)] By Plaintiff MOTHER Against County, DCFS, Social Worker Defendants SOSA AND RAMIREZ, and Does 1 through 10, Inclusive

143–151. Answering paragraphs 143 through 151, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice (ECF No. 71) and, in any case, was never alleged against Defendants Helwajian or Carey in the first place (ECF No. 39, at 67.) To the extent that any response is required, Defendants Helwajian and Carey lack sufficient knowledge or information to form a belief about the truth of the allegations.

## FOURTH CAUSE OF ACTION FOR FALSE IMPRISONMENT
## By Plaintiffs Against County, DCFS, Social Worker Defendants SOSA, RAMIREZ, CAREY and Does 1 through 10, Inclusive

152–164. Answering paragraphs 152 through 164, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required, Defendants Helwajian and Carey lack sufficient knowledge or information to form a belief about the truth of the allegations.

## FIFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS DUE TO JUDICIAL DECEPTION AND UNLAWFUL MEDICAL PROCEDURE
## By Plaintiffs Against County, DCFS, Social Worker Defendants TIGERINO, SOSA, RAMIREZ, CAREY, AND HELWAJIAN and Does 1 through 10, Inclusive

165–175. Answering paragraphs 165 through 175, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required, Defendants Helwajian and Carey lack sufficient knowledge or information to form a

13
Defendants Carey's and Helwajian's Answer to the Third Amended Complaint
Case No. 2:17-CV-9193-FMO-E
N:\files\2003-Ulikhanova (COLA)\Pleadings\Answer_(Defs_Carey_Helwajian).docx

belief about the truth of the allegations.

**SIXTH CAUSE OF ACTION VIOLATION OF CIVIL RIGHTS BY "THREATS, INTIMIDATION OR COERCION" - California Civil Code Section 52.1**

**By Plaintiffs Against County, DCFS, Social Worker Defendants RONALD TIGERINO, in his personal capacity; MARIA HERRERA SOSA, in her personal capacity; VICKI RAMIREZ, STEPHEN CAREY, in his personal capacity and Does 1 through 10, Inclusive**

176–178. Answering paragraphs 176 through 178, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required, Defendants Helwajian and Carey lack sufficient knowledge or information to form a belief about the truth of the allegations.

**SEVEN CAUSE OF ACTION**

**Violation of 14th Amendment – Unauthorized Medical Procedures**

**By Plaintiffs Against County, DCFS, Social Worker Defendants MARAL HELWAGIAN, and STEPHEN CAREY, and Does 1 through 10, Inclusive**

179. Answering paragraph 179, Defendants Helwajian and Carey lack sufficient knowledge or information to form a belief about the truth of the allegations.

180. Answering paragraph 180, Defendants Helwajian and Carey incorporate their responses to paragraphs 1–179 of the Third Amended Complaint.

181. Answering paragraph 181, Defendants respond as follows: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that "MOTHER raises a 14th Amendment Violation of her right to Familiar Association when her child was forever injected with vaccines MOTHER clearly was against and in MOTHER'S absence and without any opportunity to be present or knowledge where these immunizations were taking place"; Defendants

14

lack sufficient knowledge or information to form a belief as to the truth of the allegations that "the MINOR was immunized with five years worth of immunizations only in a few months, or about June 2016, she was not of school age nor was she a dependent of the juvenile court"; Defendants deny the allegation that "[i]n California, the children must be 6 years old as of September 1 to be permitted to attend first grade that academic year"; Defendants deny the allegation that "the Minor was to start school in September 2017, because her birthday is in November 2010, and she would not have been 6 years old on September 1, 2016"; Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that "Mother had provided CAREY and HELWAJIAN with a letter that she had provided the MINOR'S pre-school prior to the January 1, 2016 deadline stating her opposition to immunization"; Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that "[u]nder the law, exemption should have applied until the next grade span"; and Defendants deny the allegation that "no law or court jurisdiction permitted the unlawful immunization of the MINOR without MOTHER'S consent or presence and the order sought by DEFENDANTS was in violation of the existing state law and the PLAINTIFFS' constitutional rights."

182. Answering paragraph 182, Defendants deny the allegations.

183. Answering paragraph 183, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that "In September 2017, Mother could have chosen to homeschool her child all together in order to avoid immunizations or to decide at that time if she wanted to proceed with immunizing her child." Defendants deny the remaining allegations in paragraph 183.

184–185. Answering paragraphs 184 and 185, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

186. Answering paragraph 186, Defendants deny the allegations.

///

187. Answering paragraph 187, Defendants deny that Plaintiffs are entitled to any damages. Defendants deny the remaining allegations.

188. Answering paragraph 188, no response is required insofar as the allegations concern a *Monell* claim against Defendant County, not any claim against Defendants Carey or Helwajian. To the extent that any response is required, Defendants Helwajian and Carey lack sufficient knowledge or information to form a belief about the truth of the allegations.

## EIGHT CAUSE OF ACTION

## Violation of 1st & 4th Amendments - Unauthorized Medical Procedures

## By Plaintiff MINOR Against County, DCFS, Social Worker Defendants STEPHEN CAREY, MARAL HELWAGIAN and Does 1 through 10, Inclusive

189–198. Answering paragraphs 189 through 198, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice. (ECF No. 71.) To the extent that any response is required, Defendants Helwajian and Carey lack sufficient knowledge or information to form a belief about the truth of the allegations.

## NINTH CAUSE OF ACTION FOR DECLARATORY RELIEF

## By Plaintiffs Against County and DCFS And Does 1 through 10, Inclusive

199–205. Answering paragraphs 199 through 205, no response is required insofar as the paragraphs are alleged in support of a cause of action that has been dismissed with prejudice (ECF No. 71) and, in any case, was never alleged against Defendants Helwajian or Carey in the first place (ECF No. 39, at 91). To the extent that any response is required, Defendants Helwajian and Carey lack sufficient knowledge or information to form a belief about the truth of the allegations.

206. Answering paragraphs 1 through 7 of the prayer, no response is required. To the extent that a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the relief that they seek or to any relief whatsoever.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

To the extent that this Answer does not specifically admit any assertion in the Complaint, it is denied.

## AFFIRMATIVE DEFENSES

*Affirmative Defense No. 1.*

Defendants are entitled to absolute immunity for any discretionary, quasi-prosecutorial decisions to institute court proceedings to effect the vaccination challenged by Plaintiffs.

*Affirmative Defense No. 2.*

Defendants are entitled to absolute immunity for prosecutorial-type functions performed during the dependency proceedings, after Plaintiff P.G. was ordered detained.

*Affirmative Defense No. 3.*

Defendants are entitled to absolute judicial and testimonial immunity.

*Affirmative Defense No. 4.*

Defendants are entitled to qualified immunity on the grounds that no violation of constitutionally-protected interests occurred, the applicable law did not clearly establish that Defendants' conduct was unlawful, and a reasonable official would have believed that Defendants' conduct was lawful under the circumstances they faced.

*Affirmative Defense No. 5.*

The damages sustained by Plaintiffs, if any, were legally caused by and contributed to by the Plaintiffs' own acts, omissions, negligence, and failure to take reasonable and necessary actions to eliminate, mitigate, lessen, reduce and minimize those damages, barring or reducing Plaintiffs' recovery.

*Affirmative Defense No. 6.*

Plaintiffs failed to mitigate their damages.

///

///

*Affirmative Defense No. 7.*

Plaintiffs knowingly and voluntarily assumed the risk of the conduct, events, and matter alleged in the Complaint, and any injuries or damages sustained by Plaintiffs were the sole, exclusive, and legal result of those risks, barring or reducing Plaintiffs' recovery.

*Affirmative Defense No. 8.*

The damages sustained by Plaintiffs, if any, were proximately caused by the acts, omissions, negligence, fraud, and breach of obligations by persons or entities other than Defendants, and Defendants request that an allocation of such liability be made among those other persons or entities, and that if any liability is found on the part of Defendants, judgment against them be limited to the amount that is proportionate to the extent that her omission contributed to Plaintiffs' injuries.

///

*Affirmative Defense No. 9.*

Plaintiffs' claim against Defendants are barred by the doctrine of waiver.

*Affirmative Defense No. 10.*

Defendants' actions were reasonable, proper, authorized, and lawful under California's compulsory vaccination scheme.

*Affirmative Defense No. 11.*

Defendants' conduct was reasonably necessary to avert injury to Plaintiff P.G.

*Affirmative Defense No. 12.*

Plaintiffs waived any alleged constitutional rights by their actions.

*Affirmative Defense No. 13.*

Defendants' actions were with consent of Plaintiffs and/or with the consent of Brian G., who held rights to make decisions concerning vaccination.

*Affirmative Defense No. 14.*

Plaintiffs' claims are barred by the doctrine of unclean hands.

///

*Affirmative Defense No. 15.*

Plaintiffs' claims are barred by the doctrine of claim preclusion (*i.e.*, res judicata), resulting from the juvenile court's vaccination-related proceedings.

*Affirmative Defense No. 16.*

Plaintiffs' claims are barred by the doctrine of issue preclusion (*i.e.*, collateral estoppel), resulting from the juvenile court's vaccination-related proceedings.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial.

DATED:  December 28, 2018    PETERSON · BRADFORD · BURKWITZ

By: */s/ Ryan A. Graham*
Avi Burkwitz, Esq.
Ryan A. Graham, Esq.
Attorneys for Defendants
STEVE CAREY, and
MARAL HELWAJIAN

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502. On December 28, 2018, I served the document described as "**DEFENDANT CAREY'S AND HELWAJIAN'S ANSWER TO THE THIRD AMENDED COMPLAINT**" on those identified in the service list in the following manner:

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 28, 2018, at Burbank, California.

/s/ Ryan A. Graham

Ryan A. Graham

# SERVICE LIST

**RE: Ulikhanova, Lucy v. County of Los Angeles, 2:17-cv-9193-FMO-E**

Liana Serobian, Esq., Serobian Law, Inc.
100 North Brand Blvd., Suite 600
Glendale, CA 91203
(818) 539-2249, L.Serobian@yahoo.com
**Attorney for Plaintiffs Lucy Ulikhanova and P.G**