Liana Serobian, Esq. (SBN 235466)
Serobian Law, Inc.
100 N. Brand Blvd., Suite 600
Glendale, CA 91203
(818) 539-2249
L.Serobian@yahoo.com

Attorneys for Plaintiffs, Ulikhanova and Minor P.G.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ULIKHANOVA, *ET AL.*,,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, ET AL.,<br><br>Defendant | **Case No. 2:17-CV-9193-FMO-E**<br>**Hon. Fernando M. Olguin (Dist. Judge)**<br>**Hon. Charles F. Eick (Mag. Judge)**<br><br>PLAINTIFFS' EX-PARTE REQUEST FOR CLARIFICATION REGARDING THE SUMMARY JUDGMENT STANDING ORDER<br><br>COMPLAINT FILED: DECEMBER 23, 2017<br>FAC FILED: APRIL 19, 2018<br>SAC FILED: MAY 18, 2018<br>TAC FILED: JULY 2, 2018 |

PLEASE TAKE NOTICE:

Plaintiffs respectfully request this Court's clarification with regard to the standing order (ECF No. 19) on Summary Judgment Motions, which requires

PLAINTIFFS' REQUEST FOR CLARIFICATION ON STANDING ORDER DOCKET 19
PAGE | 1

parties to prepare a joint motion with memorandum of points and authorities, joint appendix of undisputed facts, and joint evidentiary appendix. Parties had email meet and confer regarding the issues herein starting May 6 to 10, 2019, however, clarification is still needed. The Summary Judgement Motions are due to be filed with this Court midnight of May 23, 2019. Opposing counsel appears to want all documents to be filed separately, but the Opposition within the brief. Defendant's Counsel, Mr. Ryan Graham, did not indicate that he would oppose this request for clarification sought by Plaintiffs' Counsel. This Request is based on the following memorandum and the attached Declaration of Counsel.

      Specifically, counsel for the Plaintiffs respectfully requests clarification as to the following issues:

    **I.**    This Court's Standing Order under Docket Number 19 requires joint Summary Judgment Motion documents to be prepared, here. However, upon the informal request for clarification by the Defendants' counsel Ryan Graham via an email to this Court's clerk, Vanessa Figueroa, indicated that the Court permitted each party to prepare a separate Summary Judgment Motion, but the evidentiary appendix and statement of disputed/undisputed facts could continue to be joint. Per the request of the counsel for Defendants Ryan Graham to this Counsel for Plaintiffs, the evidentiary appendix and statement of facts have also been separately prepared by each party, as opposed to the joint documents described in the standing order no. 19. Given the approval of this Court to prepare separate briefs and Mr. Graham's request for separate documents, the undersigned counsel for the Plaintiffs worked on the Plaintiffs' Motion for Summary Judgment using a pdf program and would

PLAINTIFFS' REQUEST FOR CLARIFICATION ON STANDING ORDER DOCKET 19
PAGE | 2

like to similarly prepare a separate Opposition in a pdf format. Defendants' Counsel Ryan Graham asked to work of a word version of the Plaintiffs' Motion for Summary Judgment, however, counsel fears that the exportation of this document into word may lead to formatting and possibly other errors counsel is not technically savy to catch. To avoid these, counsel proposes that the Oppositions by each counsel to the Motion for Summary Judgment be prepared in a separate document as well, as all documents have already been separately prepared. In the meantime, counsel has exported from pdf to word and emailed Plaintiff's Motion for Summary Judgment to Mr. Graham with a suggestion that parties work on the word version and if this Court permits a separate pdf Opposition, then parties could copy and paste our opposition into a separate document and file with this Court as a pdf. That way Plaintiffs' originally emailed documents to Defendants' counsels would be filed with this Court for consideration without a chance for internal or technical errors. Defendants' counsel did not oppose this request for clarification, although the preference as to formatting is not made clear to the Plaintiffs counsel.

**II.** Plaintiffs request that all deadlines of the parties to email each other documents or briefs with regard to Summary Judgment Motions conform to this Court's 12 am filing deadline, and not be unnecessarily shortened by the preference of counsel to 6 pm. This is not supported by the standing order No. 19 or the local rules of this Court. Local Rule 5-4.6.1 Timeliness. Unless otherwise provided by order of the assigned judge, all electronic transmissions of documents must be completed prior to midnight Pacific Standard Time or Pacific Daylight Time, whichever is in effect at the time, in order to be considered timely filed on that day.

**III.** Plaintiffs seek this Court's guidance as to when it would be appropriate to request to Strike Defendant's Motion for Summary Judgment for being late and if this should be included in the Opposition itself or a separate request.

As relevant to the issues herein, counsel for the parties, Liana Serobian for Plaintiffs and Ryan Graham for Defendants, met and conferred on the Joint Motion for Summary Judgment per Docket no. 19 on April 18, 2019, in the office of the Peterson, Bradford, and Burkwitz. The mutual understanding at the conclusion of the meet and confer was to comply with the court's standing order and possibly ask the court for permission to add pages to our briefing.

On April 19, 2019, counsel for the Defendants, Ryan Graham, emailed Clerk of this Court, Vanessa Figueroa, to ask about the page limits as both parties intended to file Summary Judgment Motions. Ms. Figueroa kindly responded the same day as follows: "Per chambers: they can file two separate joint briefs - one for each party, which should give them the number of pages needed. Perhaps they can rely on the same joint appendix and SUF."

The undersigned counsel's understanding continued to be that parties were going to comply with the standing order docket no. 19, and only the briefs would be separate as permitted by this Court. Thus, the undersigned believed that parties would rely on the joint evidentiary appendix and statement of facts per the standing order and the communications at the meet and confer. Mr. Graham also send a link to the joint evidentiary appendix for parties to work together from. Upon the suggestion of Mr. Ryan Graham and mutual agreement of the parties, the

due date for parties to email each other the Motions for Summary Judgement were extended to May 7, 2019.

On May 6, 2019, Mr. Ryan Graham clarified in his email that the Defendant's position was that on May 7, 2019, evidentiary index and statement of the facts also needed to be separately prepared by each party, prompting the undersigned counsel to send emails for clarification and later telephone Mr. Graham's office the morning of May 7, 2019, three times to finally speak with him for a clarification. When counsel talked over the telephone around 11 am on May 7, 2019, the day all documents were due to each other, Mr. Graham clarified that the Defendants' position was that every document had to be prepared separate by each party.

Undersigned put together the Plaintiffs' Joint Motion for Summary Judgment, Evidentiary Appendix, and Statement of Facts and emailed these documents in the pdf format to the counsels for Defendants, Mr. Ryan Graham and Mr. Avi Burkwitz on May 7, 2019. However, Mr. Ryan Graham did not email anything to undersigned counsel on May 7, 2019; instead, on May 8, 2019 early morning hours, he sent a link to a virtual place that these documents could be located and where he arguably on behalf of Defendants continued to have access to make changes and amendments. When undersigned alerted that this virtual link

PLAINTIFFS' REQUEST FOR CLARIFICATION ON STANDING ORDER DOCKET 19
PAGE | 5

was unacceptable due to lack of final work product and his continued ability to make changes to the documents in the link, Mr. Graham emailed attachments to these documents to Plaintiff's counsel on May 9, 2019. In the follow up email the same day, Mr. Graham requested to make changes to it, which Plaintiffs' Counsel did not stipulate to.

That day, Mr. Graham also requested Plaintiffs' Motion for Summary Judgment in word format so that he could make his arguments therein. However, given his earlier representation on May 7, 2019, that parties were to prepare every document separately, counsel worked off a pdf program on her motion and other documents to ensure timely submission. Reverting this pdf document to Microsoft Word has the potential of altering the formatting and causing technical errors in the exportation process from pdf to word.

To avoid these errors, counsel emailed this Court's Clerk, Vanessa Figueroa, on April 9, 2019, for a clarification whether now that parties have worked separately on all documents, could the Oppositions be separate as well in a pdf format. Counsel also wanted to find out whether a challenge to the lateness of the Defendant's Motion for Summary Judgment should be raised in the Opposition or a separate document. However, Ms. Figueroa instructed counsel to file a formal request for a clarification given the Court was busy.

Although counsel did export the Plaintiffs' Motion for Summary Judgement from pdf to word and emailed the same to Mr. Graham, still, counsel would like this Court's permission to file with this Court Plaintiffs' original pdf documents sent to Defendant's on May 7, 2019, and to prepare separate Opposition in pdf to avoid any errors in formatting or content of the Plaintiffs' documents.

For these reasons, Plaintiffs would like clarification and/or permission as follows: 1) to file separate Oppositions to Motions To Dismiss in pdf with this Court, since all other documents have been prepared separately; 2) set the filing deadline to be the 12 a.m. in conformance with the Local Rule 5-4.6.1, and 2) Plaintiffs' seek guidance as to when and in what brief should they request to Strike the Defendant's Motion for Summary Judgement as Untimely.

May 18, 2019                              /s/ Liana Serobian

                                                                   Liana Serobian
                                                                   Counsel for the Plaintiffs


## DECLARATION OF COUNSEL

I, counsel for the Plaintiffs, Liana Serobian, declare under the penalty of perjury that all factual statements made in this Request are to my best knowledge and understanding.

May 18, 2019                    <u>Liana Serobian</u>
                                Counsel for the Plaintiffs

# PROOF OF SERVICE

STATE OF CALIFORNIA, County of Los Angeles:

LIANA SEROBIAN states: that I am and at all times herein mentioned have been a citizen of the United States and a resident of the County of Los Angeles, over the age of eighteen years and not a party the within action; that my business address is 100 North Brand Blvd., Suite 600, Glendale, County of Los Angeles, State of California.

That on the 18th day of May 2019, I served the attached Plaintiffs' Request for Clarification upon the interested parties listed below by electronic service via email and mail addressed as follows:

- Avi Burkwitz; Esq., ABurkwitz@pbbllp.com
  Ryan A. Gra am, Esq., rgraham@bbllg.com
  PETERN · RADFORD · BURKWITZ
  100 North First Street, Suite 300
  Burbank, California 91502

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of May 2019, at Glendale, California.

/s/ Liana Serobian
LIANA SEROBIAN, ESQ.

PLAINTIFFS' REQUEST FOR CLARIFICATION ON STANDING ORDER DOCKET 19
PAGE | 9