Liana Serobian, Esq. (SBN 235466)
Serobian Law, Inc.
100 N. Brand Blvd., Suite 600
Glendale, CA 91203
(818) 539-2249
L.Serobian@yahoo.com


Attorneys for Plaintiffs, Ulikhanova and Minor P.G.


# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ULIKHANOVA, *ET AL.*,, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, ET AL., <br><br> Defendant | **Case No. 2:17-CV-9193-FMO-E** <br> **Hon. Fernando M. Olguin (Dist. Judge)** <br> **Hon. Charles F. Eick (Mag. Judge)** <br><br> PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND/OR REQUEST TO AMEND THE COMPLAINT <br><br> DATE: JUNE 20, 2019 <br> TIME: 9:30 A.M. <br> LOCATION: COURTROOM 6D <br><br> COMPLAINT FILED: DECEMBER 23, 2017 <br> FAC FILED: APRIL 19, 2018 <br> SAC FILED: MAY 18, 2018 <br> TAC FILED: JULY 2, 2018 |

PLEASE TAKE NOTICE:

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND/OR TO AMEND THE
COMPLAINT
PAGE | 1

On June 20, 2019, at 9:30 a.m., or as soon thereafter as the matter may be heard before the Hon. Fernando M. Olguin, District Judge for the United States District Court for the Central District of California, in Courtroom 6D of the First Street Courthouse, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiffs Lucy Ulikhanova and P.G. ("Plaintiffs") will move the Court for an order granting Motion for Reconsideration of its ruling on the Motion to Dismiss and/or Motion to Amend the Complaint under Federal Rule of Civil Procedure 54(b) on the following issues:

1.   PLAINTIFFS' MOTION TO RECONSIDER THIS COURT'S DISMISSAL OF THE *MONELL* CLAIM AGAINST THE COUNTY OF LOS ANGELES AS TO THE FAILURE TO TRAIN ITS SOCIAL WORKERS AND/OR REQUEST TO AMEND THE COMPLAINT WITH THE NEW MATERIAL FACTS;

2.   PLAINTIFFS REQUEST THAT THIS COURT RECONSIDER ITS RULING THAT SOCIAL WORKERS HAVE ABSOLUTE IMMUNITY AS TO THE STATE LAW CLAIMS UNDER ALICIA T.;

3.   PLAINTIFFS REQUEST THAT THIS COURT RECONSIDER ITS RULING THAT THE FAMILY COURT'S CUSTODY ORDERS THAT GOVERNED THE FAMILY AND SEXUAL ABUSE FINDING

AGAINST FATHER WAS IMMATERIAL EVIDENCE IN THE APPLICATION FOR THE REMOVAL OF THE MINOR FROM CUSTODIAL MOTHER.

This motion is made following conferences of counsel pursuant to Local Rule 7-3, which occurred in the on March 7, 2019 following the deposition of Dr. Boxstein, and April 2, 2019, via email with counsel for Defendants, Ryan Graham from the offices of Peterson Bradford Burkwitz, LLP.

This motion is based upon this notice, the accompanying memorandum of points and authorities, the depositions of Defendants attached as Exhibits 1 and 2, and upon such other evidence or argument as may be presented to the Court at the time of the hearing on this motion.

Plaintiffs respectfully request that this Court grant in its entirety this Motion for Reconsideration of the Ruling of the Defendant's Motion to Dismiss, and/or allow Plaintiffs to amend the Complaint to conform to the facts learned during the discovery. Further, if this Court was to deny the Plaintiffs' Motion to Reconsider and/or Amend the Complaint, Plaintiffs seek certification under rule 54(b) of the Federal Rules of Civil Procedure, to authorize an interlocutory appeal.

DATED:  May 18, 2019


By:    /s/ Liana Serobian
Counsel for the Plaintiffs

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND/OR TO AMEND THE COMPLAINT
PAGE | 3

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................... 4

TABLE OF AUTHORITIES .......................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES.................. 6

I.    PLAINTIFFS' MOTION TO RECONSIDER THIS COURT'S
      DISMISSAL OF THE MONELL CLAIM AGAINST THE COUNTY
      OF LOS ANGELES AS TO THE FAILURE TO TRAIN ITS
      SOCIAL WORKERS AND/OR REQUEST TO AMEND THE
      COMPLAINT WITH THE NEW MATERIAL FACTS....................6

II.   PLAINTIFFS REQUEST THAT THIS COURT RECONSIDER ITS
      RULING THAT SOCIAL WORKERS HAVE ABSOLUTE
      IMMUNITY AS TO THE STATE LAW CLAIMS UNDER ALICIA
      T. ......................................................13

III.  PLAINTIFFS REQUEST THAT THIS COURT RECONSIDER ITS
      RULING THAT THE FAMILY COURT'S CUSTODY ORDERS
      THAT GOVERNED THE FAMILY AND SEXUAL ABUSE
      FINDING AGAINST FATHER WAS IMMATERIAL EVIDENCE
      IN THE APPLICATION FOR THE REMOVAL OF THE MINOR
      FROM CUSTODIAL MOTHER. ....................................14

CONCLUSION............................................................. 16

PROOF OF SERVICE................................................17

# TABLE OF AUTHORITIES

**US CONSTITUTION**

Fourth Amendment ...............................................13
Fourteenth Amendment................................................10-12

**CASES**

Alicia T. v. Cty. of Los Angeles, 222 Cal.App.3d 869 (1990)………13
Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir.1999)..............................8
City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)…………………………………………………………9
City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001)……………………………………………………6
Guillory v. County of Orange, 731 F.2d 1379, 1382 (9th Cir.1984)…9
Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1127 (9th Cir.2008)…11
Karim Panahi v. L.A. Police Dept., 839 F.2d 621, 624 (9th Cir.1988)…8
Mann v. Cty. of San Diego, 907 F.3d 1154 (9th Cir. 2018) ........8-11
Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692, 98 S.Ct. 2018…………………………………………………………6, 7, 12
Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir.2005)………8
Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U . S. 1, 12 (1983)......................................................................6
Shah v. County of L.A., 797 F.2d 743, 747 (9th Cir.1986)…………9
Tanner v. Heise, 879 F.2d 572, 582-83 (9th Cir.1989)……………9
Wallis v. Spencer, 202 F.3d 1126, 1136 (9th Cir. 2000) ........10-11

**STATUTES**

42 U.S.C. § 1983………………………………………pass
Federal Rule of Civil Procedure 8(a)(2) ………………………………11-12
Federal Rule of Civil Procedure 54(b) ………………………2, 6, 13, 15
Federal Rules of Evidence 201………………………………………14
Cal. Government Code § 820.21. ……………………………………13

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **PLAINTIFFS' MOTION TO RECONSIDER THIS COURT'S DISMISSAL OF THE *MONELL* CLAIM AGAINST THE COUNTY OF LOS ANGELES AS TO THE FAILURE TO TRAIN ITS SOCIAL WORKERS AND/OR REQUEST TO AMEND THE COMPLAINT WITH THE NEW MATERIAL FACTS.**

In its Order on the Defendants' Motions to Dismiss, docket number 71, this Court dismissed the Plaintiffs' *Monell* Claims, among which "failure to train" was alleged, on the basis that the Plaintiffs could not prove the existence of municipal custom or policy on the basis of a single incident, and further found that the Plaintiffs' claim that a final policy maker ratified the Defendants actions was conclusory. (Doc. 71, pp. 8-9.)

Plaintiffs now seek for this Court to reconsider its ruling on the *Monell* Claim as to the former Defendant County of Los Angeles' failure-to-train its social workers, because the discovery revealed that both Defendants during their depositions testified that they received no or limited training as to those parents' decision-making rights with regard to their children's medical and educational matters, resulting in the complained of constitutional violations. (Ex. 1, pp. 37-38, 50-51, 74; Ex. 2, pp. 19, 24-25.)

This Motion for Reconsideration is brought pursuant to Federal Rule of Civil Procedure 54(b). Pursuant to that rule, a "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U . S. 1, 12 (1983). Pursuant to Rule 54(b), a court order that does not terminate the action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties'

rights and liabilities." Fed. R. Civ. P. 54(b); see also *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.")

Here, the emergence of new material facts render this Motion for Reconsideration necessary and should be granted by this Court. Specifically, both Defendants Helwajian and Carey testified that County of Los Angeles provided them with no training as to the parents' medical and education decision making rights. Both Defendants had no idea what the grandfather's clause of the mandatory vaccination law for school-aged children meant.  (Ex. 1, pp. 37-38, 50-51, 74; Ex. 2, pp. 19, 24-25.) Notably, Defendant Carey had been a social worker for 24 years and Helwajian for 10 years. (Ex. 1, p. 6; Ex. 2, 19, 24-25.)

Remarkably, Defendant Helwajian answered as follows under oath: "Q.· ·But as for you, you have not been called to attend a training for past or present vaccination laws of the State of California? · · · ·A.· ·No, no training on vaccinations, ever." (Ex. 1, p. 51.) Defendant Carey similarly testified to the same question: "No specific training." (Ex. 2, p. 24.)

In M*onell v. New York City Dept. of Social Services*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court limited a local government's liability under 42 U.S.C. § 1983 to those cases where "some official policy 'causes' an employee to violate another's constitutional rights."

To prevail in a civil rights claim against a local government under *Monell*, a plaintiff must satisfy a three-part test:

(1) The local government official(s) must have intentionally violated the plaintiff's constitutional rights;

(2) The violation must be a part of policy or custom and may not be an isolated incident; and

(3) There must be a link between the specific policy or custom to the plaintiff's injury. *Id*. at 690-92.

There are several ways to prove a policy or custom of a municipality. A plaintiff may show (1) "a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity;" or (2) "the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision;" or (3) "the official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate." *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir.2005). The Ninth Circuit has held that a municipal policy "may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." (*Id*.)

Even for a single incident, a municipality may still be liable under *Monell* where: (1) the person causing the violation has "final policymaking authority;" (2) the "final policymaker" "ratified" a subordinate's actions; or (3) the "final policymaker" acted with deliberate indifference to a subordinate's constitutional violations. (*Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir.1999). It is well established in the Ninth Circuit that an allegation based on nothing more than a bare averment that the official's conduct conformed to official policy, custom or practice suffices to state a *Monell* claim under Section 1983. (See *Mann*

*v. Cty. of San Diego*, 907 F.3d 1154 (9th Cir. 2018); *Karim Panahi v. L.A. Police Dept.*, 839 F.2d 621, 624 (9th Cir.1988); *Shah v. County of L.A.*, 797 F.2d 743, 747 (9th Cir.1986); *Guillory v. County of Orange*, 731 F.2d 1379, 1382 (9th Cir.1984).)

As instructive here, a municipality's failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact. (*City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).) The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy. (*Id.* at 390.)

Hence, to prevail on a failure to train theory, a plaintiff must allege that the inadequacy of training amounted to "deliberate indifference to the rights of persons with whom the police come into contact." (*City of Canton*, *Ohio*, 489 U.S. at 388; see also *Tanner v. Heise*, 879 F.2d 572, 582-83 (9th Cir.1989). Only where plaintiff can allege that a failure to train reflects a "deliberate" or "conscious" choice by a municipality can a claim against a city be stated under § 1983.

Here, the new facts revealed during the discovery, namely during the testimonies of the Defendants, shows that Plaintiffs could and did sufficiently states a § 1983 Monell failure to train claim against the County of Los Angeles.

The testimonies clearly show that the County of Los Angeles knew or should have known that its training and supervision were non-existent or at the minimum grossly deficient; it was deliberately indifferent, or acted with gross or reckless disregard, to the likelihood that the constitutional rights of individuals would be violated by conducting unauthorized medical procedures on their

children and/or violating their rights to make educational decisions for their children. (Ex. 1, pp. 37-38, 50-51, 74; Ex. 2, pp. 19, 24-25.)

This case comes squarely under the direct Monell analysis of *Mann*, *supra*, where the Ninth Circuit explained: "We reject the County's argument that we must also apply a 'shocks the conscience' standard to [Plaintiffs'] Fourteenth Amendment substantive due process claim under *Monell*. Neither *Wallis* nor *Greene* applied such a test, and the County cites no Ninth Circuit authority for the proposition that this test applies here. As the district court correctly concluded, Mark and Melissa have a "direct" *Monell* claim based on the County's undisputed policy or practice of failing to notify parents of the Polinsky medical examinations, for which they are only required to prove that the County acted with 'the state of mind required to prove the underlying violation.' *Gibson v. Cty. of Washoe*, Nev., 290 F.3d 1175, 1185–86 (9th Cir. 2002), overruled on other grounds by *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (distinguishing 'direct' from 'indirect' *Monell* claims, which allege that a municipality violated the constitution through its omissions and which require a showing of deliberate indifference). The County's deliberate adoption of its policy or practice 'establishes that the municipality acted culpably.' *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404–5, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ('Where a plaintiff claims that a particular municipal action itself violates federal law, or directs an employee to do so, resolving the[ ] issues of fault and causation are straightforward.'). Our inquiry ends there." (*Mann v. Cty. of San Diego*, *supra*, at 1163-1164.)

Therefore, the Los Angeles County's policy, custom, pattern, practice or persistent course of conduct during the entire 10 years when Helwajian was a social worker and the 24 years when Carey was a social worker, entrusted with medical and educational decision making rights of children facing the juvenile court system, was a direct and proximate cause of the violation of Plaintiffs' constitutional rights under the Fourteenth Amendment substantive due process against unauthorized medical procedures in parents' absence and bypass of their education rights. (See Dkt. 39, TAC at ¶¶ 179-88).

"The Fourteenth Amendment embodies a constitutional right for parents and children "to live together without governmental interference." *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000). This "right to family association includes the right of parents to make important medical decisions for their children, and of children to have those decisions made by their parents rather than the state." *Id*. at 1141. Additionally, it encompasses the right of parents to be with their children during medical procedures. See id. at 1142 ("Moreover, parents have a right arising from the liberty interest in family association to be with their children while they are receiving medical attention[.]") . . ." (See Dkt. 71, pp. 11-12). The Ninth Circuit recently observed in *Mann*, *supra*, that "parental consent is critical in medical procedures involving children because children rely on parents or other surrogates to provide informed permission for medical procedures that are essential for their care." (*Id*. at 1162.)

Further, Plaintiffs could not and need not satisfy all of the facts later learned in discovery set forth above at the motion to dismiss stage. Rather, a claim against a local government is sufficiently pled so long as it states a "short and plain" statement of an unconstitutional act or decision for which the local

government is responsible. See Fed.R.Civ.P. 8(a)(2). Notice pleading is defined by Federal Rule of Civil Procedure 8(a)(2) which states "a pleading which sets forth a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relied." See also *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1127 (9th Cir.2008). Plaintiffs claimed and continue to claim that the County of Los Angeles failed to train its social workers regarding the parents' decision-making rights with regard to their children's medical care and education, all of which was a direct and proximate cause of Plaintiffs' constitutional rights being violated under the Fourteenth Amendment. This is sufficient to satisfy the requirements of Fed.R.Civ.P. 8(a)(2) and *Monell* at the pleading stage.

Accordingly, Plaintiffs respectfully request that this Court find that the disclosures made by both Defendants during their depositions are new facts which justify reconsideration of the Court's dismissal of the *Monell* Claim for failure to train against the County of Los Angeles and/or allow Plaintiffs to amend the Complaint to conform to the facts learned during the discovery.

Further, if this Court was to deny the Plaintiffs' Motion to Reconsider and/or Amend the Complaint, Plaintiffs seek certification under rule 54(b) of the Federal Rules of Civil Procedure, to authorize an interlocutory appeal.

## II.   PLAINTIFFS REQUEST THAT THIS COURT TO RECONSIDER ITS RULING THAT SOCIAL WORKERS HAVE ABSOLUTE IMMUNITY AS TO THE STATE LAW CLAIMS UNDER *ALICIA T.*

This Court dismissed the Plaintiffs state law claims abduction of a child, intentional infliction of emotional distress, and violation of plaintiffs' civil rights pursuant to Cal. Civ. Code § 52.1.3 pursuant to *Alicia T. v. Cty. of Los Angeles*, 222 Cal.App.3d 869 (1990), finding it was the law. (Doc. 71, pp. 10-11.)

However, Government Code § 820.21 was enacted in response to and after the *Alicia T.* and its line of cases. Thus, *Alicia T.* is limited by section 820.21 as follows. Under the current California law, the courts find that social workers are immune from civil liability, under *Alicia T.*, other than those exceptions listed in section 820.21. Under Cal. Gov. Code § 820.21, social workers are not immune for "(1) Perjury. (2) Fabrication of evidence. (3) Failure to disclose known exculpatory evidence. (4) Obtaining testimony by duress, as defined in Section 1569 of the Civil Code, fraud, as defined in either Section 1572 or Section 1573 of the Civil Code, or undue influence, as defined in Section 1575 of the Civil Code."

Plaintiffs Complaint alleged judicial deception, fabrication of evidence, perjury, and more. Hence, Alicia T. was wrongly applied at the motion to dismiss stage to dismiss the Plaintiffs' state law claims that were exempted from immunity by Cal. Gov. Code § 820.21.

For this reason, Plaintiffs respectfully request that this Court reconsider its decision to dismiss the state law claims and/or allow Plaintiffs to amend the Complaint to conform to the facts learned during the discovery.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND/OR TO AMEND THE COMPLAINT
PAGE | 13

Further, if this Court was to deny the Plaintiffs' Motion to Reconsider and/or Amend the Complaint, Plaintiffs seek certification under rule 54(b) of the Federal Rules of Civil Procedure, to authorize an interlocutory appeal.

### III.   PLAINTIFFS REQUEST THAT THIS COURT RECONSIDER ITS RULING THAT THE FAMILY COURT'S CUSTODY ORDERS THAT GOVERNED THE FAMILY AND SEXUAL ABUSE FINDING AGAINST FATHER WAS IMMATERIAL EVIDENCE IN THE APPLICATION FOR THE REMOVAL OF THE MINOR FROM CUSTODIAL MOTHER.

This Court dismissed the Plaintiffs' first cause § 1983 claim alleging Fourth Amendment violation as a result of P.G. removal from Ulikhanova based on a judicially deceptive application for a warrant. This Court found that even if the social workers Tigerino, Sosa, and Ramirez withheld the fact that the Family Court had found that father sexually abused the minor and that Plaintiff Ulikhanova was the sole legal and physical custodian of the minor, with father having only monitored visits, these were immaterial to the judicial officers determination that Ulikhanova keeping the minor away from father and paternal family, the only reason for the request to remove, was causing the minor emotional harm. (Doc. 71, pp. 6-7.) This Court found that it's impossible to tell if the Application was supplemented, there was enough evidence to support the removal.

Preliminarily, Plaintiffs request that this Court reconsider its decision to dismiss their First Cause of Action, because discovery was necessary to review the entire application and to prove to this Court that indeed the application for removal contained nothing more than allegations grounded on mother keeping the

child away from father. However, had the juvenile court known that there was a finding by a family court judge that father sexually abused the minor and mother was given sole custody rights, the court would have likely honored its sister court's orders.

Further, by simple virtue of Judicial Notice of other court's findings and orders, and its underlying legislative purpose, the Family Court's findings of sexual abuse and custody determination for a minor before a juvenile court is per se material. Indeed, at every state and court level, even under Federal Rules of Evid. 201, a court may take judicial notice of "matters of public record." Hence, the matters of public record pertaining to the minor before the juvenile court were per se material to the determination whether to remove the minor from the custodial mother for the protection of the non-custodial father.

For this reason, Plaintiffs respectfully request that this Court reconsider its decision to dismiss the First Cause of Action for Judicial Deception and/or allow Plaintiffs to amend the Complaint to conform to the facts learned during the discovery.

Further, if this Court was to deny the Plaintiffs' Motion to Reconsider and/or Amend the Complaint, Plaintiffs seek certification under rule 54(b) of the Federal Rules of Civil Procedure, to authorize an interlocutory appeal.

**CONCLUSION**

The Plaintiffs request that this Court grant in its entirety this Motion for Reconsideration of the Ruling of the Defendant's Motion to Dismiss, and/or allow Plaintiffs to amend the Complaint to conform to the facts learned during the discovery. Further, if this Court was to deny the Plaintiffs' Motion to Reconsider and/or Amend the Complaint, Plaintiffs seek certification under rule 54(b) of the Federal Rules of Civil Procedure, to authorize an interlocutory appeal.

# PROOF OF SERVICE

STATE OF CALIFORNIA, County of Los Angeles:

LIANA SEROBIAN states: that I am and at all times herein mentioned have been a citizen of the United States and a resident of the County of Los Angeles, over the age of eighteen years and not a party the within action; that my business address is 100 North Brand Blvd., Suite 600, Glendale, County of Los Angeles, State of California.

That on the 18th day of May 2019, I served the attached Plaintiffs' Motion for Reconsideration and/or to Amend the Complaint, and Exhibits thereto (electronic only), upon the interested parties listed below by electronic service via email and mail addressed as follows:

- Avi Burkwitz; Esq., ABurkwitz@pbbllp.com
  Ryan A. Gra am, Esq., rgraham@bbllg.com
  PETERN ·RADFORD · BURKWITZ
  100 North First Street, Suite 300
  Burbank, California 91502

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of May 2019, at Glendale, California.

/s/ Liana Serobian
LIANA SEROBIAN, ESQ.