Liana Serobian, Esq. (SBN 235466)
Serobian Law, Inc.
100 N. Brand Blvd., Suite 600
Glendale, CA 91203
(818) 539-2249
L.Serobian@yahoo.com

Attorneys for Plaintiffs, Ulikhanova and Minor P.G.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ULIKHANOVA, *ET AL.*,,<br><br>  Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, ET AL.,<br><br>  Defendant | **Case No. 2:17-CV-9193-FMO-E**<br>**Hon. Fernando M. Olguin (Dist. Judge)**<br>**Hon. Charles F. Eick (Mag. Judge)**<br><br>**PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE DISTRICT JUDGE FERNANDO OLGUIN UNDER 28 U.S.C. §§ 144 AND 455**<br><br>COMPLAINT FILED: DECEMBER 23, 2017<br>FAC FILED: APRIL 19, 2018<br>SAC FILED: MAY 18, 2018<br>TAC FILED: JULY 2, 2018 |

PLEASE TAKE NOTICE: The matter before the Court is Plaintiffs'

Ex Parte Motion to Disqualify and/or Recuse Honorable Judge Fernando Olguin, a

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 1

federal judge, under two statutory provisions, 28 U.S.C. §§ 144 and 455 from the above-mentioned matter. Plaintiffs' counsel Liana Serobian complied with Local Rule 7-19 by giving Defendants' counsels Avi Burkwitz and Ryan Graham good faith notice of the date and substance of this motion on May 22, 2019, via email at 1:42 p.m. send to rgraham@pbbllp.com and aburkwitz@pbbllp.com, by oral telephone messages left for Ryan Graham with his secretary Lilly and on voicemail at (818) 562-5800 at about 3:30 p.m. and then on 4:49 p.m. the same day. Mr. Graham later emailed back at 6:15 pm stating that the Defendants deem notice to be sufficient and will oppose this Motion.

This Motion needs to be heard on Ex Parte basis, before this Court is set to decide the Summary Judgment Motions on June 20, 2019, prepared to be filed by each party on May 23, 2019. It is supported by the Plaintiff Ulikhanova's Affidavit (pp. 12-15), Counsel's Good Faith Certification (p. 11), Exhibits A and B (separately filed), and the set forth Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 144 reads as follows: "Bias or prejudice of judge.

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 2

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

(28 U.S.C. § 144.)

If the judge finds that the affidavit is timely and legally sufficient, the judge must proceed no further and another judge must be assigned to hear the motion. (*United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).)

The attached Plaintiff Ulikhanova's affidavit is the (1) first filed in this case, (2) is timely as it is at least ten days before the June 20, 2019, hearing on the Summary Judgment Motions and Plaintiffs' Motion for Reconsideration, within days of learning of the facts supported the motion,[1] (3) is sufficient to show prejudice and/or bias towards Plaintiffs in favor of Defendants, as argued below, and (4) is accompanied by the certification of Plaintiffs' counsel that it is filed in good faith. Therefore, the said motion should be granted and the matter be immediately transferred to another district judge to hear all further proceedings.

---

[1] *Preston v. United States*, 923 F.2d 731, 733 (9th Cir.1991) [section 455 motion timely even though made 18 months after assignment to district court judge and shortly after an adverse discovery ruling.]

Section 455, on the other hand, is self-enforcing on the judge and requires a judge to recuse himself as related hereto: "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." (28 U.S.C. § 455(a) and (b)(1); see also *Sibla*, 624 F.2d at 867-68.)

When determining the legal sufficiency of the affidavit, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." (*United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976).)

The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same. A judge must be disqualified if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997). The bias or prejudice that must be shown is not merely a favorable or unfavorable disposition toward a party, but rather a "favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess." *Liteky v. United States*, 510 U.S. 540, 550 (1994). For this reason, "the alleged bias and prejudice ... must stem from an extrajudicial source." *Id*. at 544.

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 4

Opinions formed by the judge on the basis of facts introduced or evidence presented during the course of the proceedings are not grounds for disqualification unless there is evidence of such deep-seated favoritism or antagonism that fair judgment would be impossible." (*Id*. at 555; see also *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986.)

Here, Plaintiffs indeed allege that this Court has an extrajudicial bias against them as shown in the Exhibits A and B, which are the extrajudicial communications with this Court's chambers clearly favoring Defendants over Plaintiffs. Specifically, the following extrajudicial communications illustrate the bias and prejudice against Plaintiffs in favor of Defendants. The email exchanges described below are supported by the Exhibits A and B attached to this Motion.

1. On April 19, 2019, at 12:53 pm, counsel for the Defendants, Ryan Graham, emailed Clerk of this Court, Vanessa Figueroa, copying the undersigned, to ask about the page limits as both parties intended to file Summary Judgment Motions. (Ex. A.)

2. On April 19, 2019, the clerk of this Court, Ms. Figueroa, kindly emailed back at 1:37 pm, responding to all as follows: "Per chambers: they can file two separate joint briefs - one for each party, which should give them the number of pages needed. Perhaps they can rely on the same joint appendix and SUF." (Ex. A.)

3. On May 9, 2019, at 12:44 pm, counsel for the Plaintiffs, Liana Serobian, followed on this email exchange between Defendants and Ms. Figueroa, copying Defendants two counsels and their secretaries. In this email, the undersigned asked for further

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 5

clarification as follows: (1) whether Opposition to the Motion to Dismiss should or could be a separate document as well, and how to oppose the untimely filed Motion for Summary Judgment by Defendants, within the Opposition itself or a separate Motion to Strike. (Ex. A.)

4. On May 9, 2019, at 12:46 pm, Ms Figueroa wrote back to the undersigned: "These questions are difficult for me to answer, since I am not an attorney. Judge Olguin is very busy, we all are in this district. I sought guidance from him last time. Today, we are in court all day. Please file a request for clarification if you need assistance and something is not covered in a court order, Local Rules or FRCP's. Thank you," (Ex. A.)

5. On May 9, 2019, at 12:48 pm, the undersigned clarified: "Dear Ms. Figueroa, All I'm asking now is that when Judge Olguin said we can do separate motions for summary judgment, can we also do separate oppositions to the said motions? Thank you, Liana." (Ex. A.)

6. On May 9, 2019, at 12:49 pm, Ms. Figueroa responded to the undersigned: "I have no idea, and I can't ask him that question while we are both in session all day." (Ex. A.)

7. On May 9, 2019, at 12:51 pm, Defendants' Counsel Ryan Graham emailed to Ms. Figueroa in response to the undersigned request for clarification the following: "Defendants object to this conversation with chambers and request that Plaintiff follow the clerk's instruction to file a formal request with the Court for clarification so that Defendants can also provide input. Ms. Figueroa—I deeply apologize for this intrusion on the orderly functioning of the Court." This was ironic since Mr. Graham was the first to converse with the court on April 19, 2019, regarding the briefing on the Summary Judgement Motions. (Ex. A.)

8. On May 18, 2019, as requested by this Court's chambers via Ms. Figueroa and the Defendants' counsel, Ryan Graham, the

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 6

undersigned filed an Ex-Parte Request for Clarification on the issues set forth in the emails to Ms. Figueroa and the previous email exchanges with Mr. Graham. (Docket No. 81.) In that document, the undersigned asked this Court whether (1) the Opposition could be filed as a separate document as all other documents had been prepared separately per the request of Mr. Graham, (2) whether the time to email each other the documents should be 12 a.m. in compliance with the local rule 5-4.6.1, and (3) whether the motion to strike the untimely brief should be raised in the Opposition or a separate document. (Docket No. 81.) None of these items are explained under the Standing Order of this Court related to the Summary Judgment Motions, Docket Number 19. (Docket 19.)

9. However, on May 21, 2019, this Court issues Docket Number 86, partially granting and denying the Request for Clarification, which did not clarify any of the points raised or asked for by the Plaintiffs, except to say that the parties were bound to the Summary Judgment Order in Docket Number 19, which was previously modified by this Court in an informal exchange between its chambers and Defendants' counsel, Ryan Graham. Further, this Court in a footnote wrote, "As with many of plaintiffs' filings before this court, the present Application is suffused with a general lack of clarity. The court admonishes plaintiffs' counsel to make a greater effort to proofread prospective filings prior to placing them before the court. In addition, plaintiffs' counsel must comply with the Local Rules and Federal Rules of Civil Procedure in preparing future filings. It appears that plaintiffs made no efforts to comply with Local Rule 7-19 in preparing and filing the instant ex parte application." (Docket 86.)

10. Remarkably, this day, on May 22, 2019, at 12:21 p.m., without any prior email or notice to the undersigned in effort to give Rule 7-19 Notice, counsel for the Defendants Ryan Graham made another informal contact with the chambers of this Court, via email to Ms. Figueroa. Mr. Graham wrote: "Dear Ms. Figueroa: I have a quick question on the Court's preferences for

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 7

assembly and delivery of joint evidentiary appendices. We anticipate filing an MSJ with a little over 300 pages in exhibits and would like to know if the Court prefers the separately-bound three-ring binder and digital set to contain exhibits that (1) have been filed, which would include the CM/ECF stamp across the top, or (2) if we are OK including the documents before being filed (i.e., without the blue line of text on the top). The reason why I ask is that if we use the as-filed exhibits, the binder/digital set will likely be delivered the day after the filing—I just wanted to make sure that this is OK. Thank you for any information you can provide." (Ex. B.)

11. As before on April 19, 2019, this Court's chambers via its clerk Vanessa Figueroa kindly responded with another informal response to Defendants, and did not ask the Defendants to comply with the Local Rule 7-19 at all nor file a formal Request for Clarification as this Court asked Plaintiffs' counsel to do on May 9, 2019. (Exhibit B.) Thus, with the assistance of this Court, Mr. Graham again circumvented the Local Rule 7-19 and the very legal process Mr. Graham and this Chambers imposed on the Plaintiffs' counsel on May 9, 2019, to file a formal Request for Clarification (Ex. A, Docket 81) and for which this Court later unfairly admonished undersigned (Docket 86).

(Plaintiffs' Affidavit, Exs. A and B.)

The email exchanges between the parties and this Court's Chambers, set forth above and attached as Exhibits A and B, clearly illustrate that while this Court's chambers twice nicely and without request for formal clarification or compliance with Local Rule 7-19 responded to the Defendants' informal requests for various clarifications, the same courtesy and favoritism was not extended to the Plaintiffs. (Exs. A and B.) Instead, both the Defendants' counsel Ryan Graham and

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 8

this Chambers scolded Plaintiffs' counsel on May 9, 2019, for reaching out for a clarification, even when it was a follow up to this Court's informal clarification to the Defendants' email for a clarification. (Ex. A.) Further, both this Court's Chambers and Mr. Graham demanded that a formal Request for Clarification be filed by the Plaintiffs on the issues in the email, which undersigned did. (Exs. A, Dock. 81.)

Remarkably, when the Plaintiffs did file this formal Request for Clarification in Docket number 81, this Court then formally scolded and admonished the Plaintiffs for this in its order in Docket number 86. (Dock. 81, 86.) While doing so, this Court gave absolutely no clarification on the issues noted, and unfairly and without history of the same in other orders, called Plaintiffs documents in general to lack clarity and needing to be proofread. (Docket No. 86.)

Lastly, the Plaintiffs were wrongly held to a much higher standard by this Court under Local Rule 7-19, when indeed all the email exchanges outlined in Docket 81 per se showed notice and Defendants' counsel was the one asking for this Request for Clarification to be filed. (Docket No. 81, 86.) Meanwhile, with the approval and the assistance of this Court via its chambers, the Defendants' counsel Ryan Graham on at least two occasions known to the Plaintiffs circumvented the Local Rule 7-19 by being permitted to simply email the chambers informal

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 9

requests for clarification, while the same courtesy was denied to the Plaintiffs. (Exs. A and B.)

Thus, this Court's chambers gave favorable special treatment to Defendants and unfavorable special treatment to the Plaintiffs. Therefore, because this Motion under section 144 is Plaintiffs' first, is timely, is supported by factual allegations showing bias or prejudice that this Court must accept as true, and is accompanied by a good cause certification by Plaintiffs' counsel, this Court must immediately recuse itself and transfer the matter to be assigned to another district judge.

Further, the grounds in totality advanced by Plaintiffs would cause a reasonable person with knowledge of all the relevant facts to question the impartiality of this Court. As set forth in the Plaintiff' Motion to Reconsider, at the least this Court made a clear error of law when it ruled that *Alicia T. v. Cty. of Los Angeles*, 222 Cal.App.3d 869 (1990), was the controlling law on the issues of absolute immunity as to the state claims brought by the Plaintiffs. (Docs. 82, 71, pp. 10-11.) Indeed, Government Code § 820.21 was enacted as an exception to and after the *Alicia T.*, and applied to this case to strip the social workers of their immunity, because Plaintiffs alleged perjury and fabrication of evidence. Thus, this Court must disqualify and recuse itself both under 28 U.S.C. §§ 144 and 455 and

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 10

immediately transfer the matter to be assigned to another district judge. Plaintiffs seek certification under rule 54(b) of the Federal Rules of Civil Procedure, to authorize an interlocutory appeal if this Motion is Denied.

May 22, 2019                                    /s/ Liana Serobian

                                                               Liana Serobian
                                                               Counsel for the Plaintiffs

## GOOD FAITH CERTIFICATION OF COUNSEL

I, counsel for the Plaintiffs, Liana Serobian, declare under the penalty of perjury that all factual statements made in this Motion are to my best knowledge and understanding. I certify that this Motion is brought in good faith by the Plaintiffs.

May 22, 2019                                    /s/ Liana Serobian
                                                               Counsel for the Plaintiffs

# **PLAINTIFF LUCY ULIKHANOVA'S AFFIDAVIT**

I, Lucy Ulikhanova, am the Plaintiff in the above-noted case and set forth the below affidavit in support of my request that Judge Fernando Olguin recuse and/or disqualify himself from hearing my matter, because I believe he has a personal bias or prejudice either against Plaintiffs or in favor of Defendants in this case.

I have reviewed email communications, attached as Exhibits A and B, between my counsel Liana Serobian, counsels for the Defendants, Ryan Graham, and his Chambers via Clerk Ms. Vanessa Figueroa, which lead me to unequivocally believe that Defendants were favored and specially treated, and the same courtesy was not extended to the Plaintiffs. Instead, Plaintiffs were treated with bias and prejudice and scolded for the same things that the Defendants were repeatedly doing. Defendants were permitted to circumvent laws and rules of court, when Plaintiffs were held to higher standards. This is the summary of the email exchanges that render me to believe that Judge Olguin is bias and prejudiced towards me and can't be impartial. I request a different district judge to hear my case.

1.  On April 19, 2019, at 12:53 pm, counsel for the Defendants, Ryan Graham, emailed Clerk of this Court, Vanessa Figueroa, copying Ms. Serobian, to ask about the page limits as both parties intended to file Summary Judgment Motions. (Ex. A.)

2.  On April 19, 2019, the clerk of this Court, Ms. Figueroa, emailed back at 1:37 pm, responding to all as follows: "Per chambers:  they can file two separate joint briefs - one for each party, which should give them the number of pages needed.  Perhaps they can rely on the same joint appendix and SUF." (Ex. A.)

3.  On May 9, 2019, at 12:44 pm, counsel for the Plaintiffs, Liana Serobian, followed on this email exchange between Defendants and Ms. Figueroa, copying Defendants two counsels and their secretaries. In this email, Ms. Serobian asked for further clarification as follows: (1) whether Opposition to the Motion to Dismiss should or could be a separate document as well, and how to oppose the untimely filed Motion for Summary Judgment by Defendants, within the Opposition itself or a separate Motion to Strike.  (Ex. A.)

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 12

4. On May 9, 2019, at 12:46 pm, Ms. Figueroa wrote back to Ms. Serobian: "These questions are difficult for me to answer, since I am not an attorney. Judge Olguin is very busy, we all are in this district. I sought guidance from him last time. Today, we are in court all day. Please file a request for clarification if you need assistance and something is not covered in a court order, Local Rules or FRCP's. Thank you," (Ex. A.)

5. On May 9, 2019, at 12:48 pm, Ms. Serobian clarified: "Dear Ms. Figueroa, All I'm asking now is that when Judge Olguin said we can do separate motions for summary judgment, can we also do separate oppositions to the said motions? Thank you, Liana." (Ex. A.)

6. On May 9, 2019, at 12:49 pm, Ms. Figueroa responded to the Ms. Serobian: "I have no idea, and I can't ask him that question while we are both in session all day." (Ex. A.)

7. On May 9, 2019, at 12:51 pm, Defendants' Counsel Ryan Graham emailed to Ms. Figueroa in response to Ms. Serobian's request for clarification the following: "Defendants object to this conversation with chambers and request that Plaintiff follow the clerk's instruction to file a formal request with the Court for clarification so that Defendants can also provide input. Ms. Figueroa—I deeply apologize for this intrusion on the orderly functioning of the Court." (Ex. A.)

8. On May 18, 2019, as requested by this Court's chambers via Ms. Figueroa and the Defendants' counsel, Ryan Graham, Ms. Serobian filed an Ex-Parte Request for Clarification on the issues set forth in the emails to Ms. Figueroa and the previous email exchanges with Mr. Graham. (Docket No. 81.) In that document, Plaintiffs asked this Court whether (1) the Opposition could be filed as a separate document as all other documents had been prepared separately per the request of Mr. Graham, (2) whether the time to email each other the documents should be 12 a.m. in compliance with the local rule 5-4.6.1, and (3) whether the motion to strike the untimely brief should be raised in the Opposition or a separate document. (Docket No. 81.) None of these items are explained under the Standing Order of this Court related to the Summary Judgment Motions, Docket Number 19. (Docket 19.)

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 13

9. However, on May 21, 2019, this Court issues Docket Number 86, partially granting and denying the Request for Clarification, which did not clarify any of the points raised or asked for by the Plaintiffs, except to say that the parties were bound to the Summary Judgment Order in Docket Number 19, which was previously modified by this Court in an informal exchange between its chambers and Defendants' counsel, Ryan Graham. Further, this Court in a footnote wrote, "As with many of plaintiffs' filings before this court, the present Application is suffused with a general lack of clarity. The court admonishes plaintiffs' counsel to make a greater effort to proofread prospective filings prior to placing them before the court. In addition, plaintiffs' counsel must comply with the Local Rules and Federal Rules of Civil Procedure in preparing future filings. It appears that plaintiffs made no efforts to comply with Local Rule 7-19 in preparing and filing the instant ex parte application." (Docket 86.)

10. Remarkably, this day, on May 22, 2019, at 12:21 p.m., without any prior email or notice to Plaintiffs' counsel in effort to give Rule 7-19 Notice, counsel for the Defendants Ryan Graham made another informal contact with the chambers of this Court, via email to Ms. Figueroa. Mr. Graham wrote: "Dear Ms. Figueroa: I have a quick question on the Court's preferences for assembly and delivery of joint evidentiary appendices. We anticipate filing an MSJ with a little over 300 pages in exhibits and would like to know if the Court prefers the separately-bound three-ring binder and digital set to contain exhibits that (1) have been filed, which would include the CM/ECF stamp across the top, or (2) if we are OK including the documents before being filed (i.e., without the blue line of text on the top). The reason why I ask is that if we use the as-filed exhibits, the binder/digital set will likely be delivered the day after the filing—I just wanted to make sure that this is OK. Thank you for any information you can provide." (Ex. B.)

11. As before on April 19, 2019, this Court's chambers via its clerk Vanessa Figueroa kindly responded with another informal response to Defendants, and did not ask the Defendants to comply with the Local Rule 7-19 at all nor file a formal Request for Clarification as this Court asked Plaintiffs' counsel to do on May 9, 2019. (Exhibit B.)

The above extrajudicial communications render me to believe that Judge Fernando Olguin is bias and prejudiced towards me and can't be impartial. Thus, with the assistance of this Court, Defendants at least twice were permitted to make informal requests for clarification, when Plaintiffs' were refused the same

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 14

and were scolded for trying. This Chambers thus permitted Defendants to circumvent the Local Rule 7-19 and the very legal process Defendants and this Chambers imposed on the Plaintiffs' counsel on May 9, 2019, to file a formal Request for Clarification (Ex. A, Docket 81) and for which this Court later unfairly admonished Plaintiffs Counsel (Docket 86).

       I again request a different district judge to hear my case.

May 22, 2019

                                      Lucy Ulikhanova
                                      Plaintiff

# PROOF OF SERVICE

STATE OF CALIFORNIA, County of Los Angeles:

LIANA SEROBIAN states: that I am and at all times herein mentioned have been a citizen of the United States and a resident of the County of Los Angeles, over the age of eighteen years and not a party the within action; that my business address is 100 North Brand Blvd., Suite 600, Glendale, County of Los Angeles, State of California.

That on the 22nd day of May 2019, I served the attached Plaintiffs' Request for Clarification upon the interested parties listed below by electronic service via email and mail addressed as follows:

- Avi Burkwitz; Esq., ABurkwitz@pbbllp.com
  Ryan A. Graham, Esq., rgraham@bbllg.com
  PETERSON · BRADFORD · BURKWITZ
  100 North First Street, Suite 300
  Burbank, California 91502

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of May 2019, at Glendale, California.

/s/ Liana Serobian
LIANA SEROBIAN, ESQ.

PLAINTIFFS' EX-PARTE MOTION TO DISQUALIFY AND/OR RECUSE JUDGE FERNANDO OLGUIN
PAGE | 16