Liana Serobian, Esq. (SBN 235466)
Serobian Law, Inc.
100 N. Brand Blvd., Suite 600
Glendale, CA 91203
(818) 539-2249
L.Serobian@yahoo.com


Attorneys for Plaintiffs, Ulikhanova and Minor P.G.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ULIKHANOVA, *ET AL.*,, | **Case No. 2:17-CV-9193-FMO-E** |
| Plaintiffs, | **Hon. Fernando M. Olguin (Dist. Judge)** |
| | **Hon. Charles F. Eick (Mag. Judge)** |
| vs. | |
| | DECLARATION OF LIANA SEROBIAN IN SUPPORT OF THE PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT (MSJ) AND MOTION TO STRIKE THE DEFENDANTS' MSJ AND OPPOSITION AS UNTIMELY AND IN VIOLATION OF THE STANDING ORDER DOCKET NO. 19 |
| COUNTY OF LOS ANGELES, ET AL., | |
| Defendant | |
| | HEARING DATE: JUNE 20, 2019 |
| | COMPLAINT FILED: DECEMBER 23, 2017 |
| | FAC FILED: APRIL 19, 2018 |
| | SAC FILED: MAY 18, 2018 |
| | TAC FILED: JULY 2, 2018 |

DECLARATION OF LIANA SEROBIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT AND IN OPPOSITION OF THE DEFENDANTS' MSJ AND OPPOSITION
PAGE | 1

## **DECLARATION OF LIANA SEROBIAN, ESQ.**

1. I, Liana Serobian, am the attorney representing in the above-mentioned matter, Lucy Ulikhanova and Minor P.G.;

2. In compliance with the Standing Order of the Judge Fernando Olguin, Docket No. 19, as related to the Summary Judgment Motions, counsels for the parties, Liana Serobian for Plaintiffs and Ryan Graham for Defendants, met and conferred on the Joint Motion for Summary Judgment on April 18, 2019, at the office of the Peterson, Bradford, and Burkwitz. The mutual understanding at the conclusion of the meet and confer was to comply with the court's standing order, which orders the parties to file joint brief, joint evidentiary appendix, and joint appendix of disputed and undisputed facts. (Dock. 19, pp. 1-3.) Counsel for Defendants suggested emailing the clerk of the court to find out the page limitations with regard to the Joint Brief, since each party was filing a Motion for Summary Judgement. (Dock. 19, pp. 1-2.)

3. On April 19, 2019, counsel for the Defendants, Ryan Graham, emailed Clerk of Judge Fernando Olguin, Ms. Vanessa Figueroa, to ask about the page limits of the Joint Brief as both parties intended to file Summary

DECLARATION OF LIANA SEROBIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT AND IN OPPOSITION OF THE DEFENDANTS' MSJ AND OPPOSITION
PAGE | 2

Judgment Motions. Ms. Figueroa kindly responded the same day as follows: "Per chambers:  they can file two separate joint briefs - one for each party, which should give them the number of pages needed. Perhaps they can rely on the same joint appendix and SUF." (Ex. A.)

4.  There were several email exchanges between Mr. Ryan Graham and the undersigned that followed that are attached herein as Exhibit B, starting from April 25 to April 26, 2019. These email exchanges show that Mr. Ryan Graham emailed a draft Joint Brief on April 25, 2019, however, later stated that on April 26, 2019, when the undersigned indicated that she was going to email her Joint Brief, as follows: "Dear Ms. Serobian: That's actually ok. We hustled to get a draft out by last night—with the religious holidays and other pressing cases, it's been a very busy week on our end, so we actually would appreciate a few more days to finalize ours as well. Would you be amenable to stipulating to extending our deadlines to trade drafts to Monday? You can have until Monday to send us your draft—and then we can send you a new draft on Monday. Every other deadlines would remain the same (so opposing sections would be due two weeks from last yesterday)." The undersigned agreed to the extension to Monday, April 29, 2019. (Ex. B.)

5. On April 29, 2019, the Mr. Graham send undersigned the Defendants' Joint Brief and Joint Appendix of Undisputed Facts. The undersigned also emailed Plaintiffs' Joint Brief, which did not include the complete facts section as the Defendants' Deposition transcripts were still missing and were in the Defendants' possession. That day, the undersigned also emailed Mr. Graham to find out if the Defendants finally signed their deposition transcripts and if these could be emailed to the undersigned to include in the facts portion of the Joint Brief. (Ex. C.) On April 30, 2019, Mr. Graham send the undersigned a link to the joint evidentiary appendix that had Defendants' depositions. (Ex. C.)

6. On May 1, 2019, Mr. Graham emailed the undersigned the following: "Dear Ms. Serobian: The depositions for Plaintiffs are exhibits 44 and 47. We cannot begin our opposition until we have a finished product with the separate statement. We don't want to risk the Court deciding the MSJs without having all of Plaintiff's facts in your motion, so I think it's in everyone's best interest if you have the time you need to put everything together before we start opposing. Rather than going back and forth, let's stipulate to a final schedule. Let me know if you would be willing to agree to this, which would give us until next Tuesday to work out our

motions, and we would still get 11 days to work on our oppositions. May

7, 2019, by 6pm: Each of the moving parties email their MSJs to the

opposing parties (including the joint brief, joint evidentiary appendices,

and separate statements). This will be the final versions—no more

extensions. May 18, 2019, by 6pm: Opposing parties return the MSJs to

the moving parties with their opposing sections. The moving parties then

each format their own MSJ materials for filing. May 21, 2019, by 6pm:

Moving parties provide final copies of MSJs to opposing copies for

signatures. May 22, 2019, by 6pm: Opposing parties return signed copies

of MSJs to moving parties. May 23, 2019, by midnight: Moving parties

file their MSJs.  Note that this is approximately the same as the Court'

MSJ order—the only thing we're changing is that we're giving ourselves

a little more time to write the motion, and cutting a little time out from

the opposition time. The Court's MSJ order seemed to have padded extra

time into the briefing schedule. Let me know if you're agreeable." (Ex.

D.) Note, the undersigned did not ask for this extension and this was a

sue sponte request by Mr. Graham. The undersigned agreed to this

schedule.

DECLARATION OF LIANA SEROBIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY
JUDGEMENT AND IN OPPOSITION OF THE DEFENDANTS' MSJ AND OPPOSITION
PAGE | 5

7. On May 2, 2019, upon request for the undersigned for clarification regarding doing the appendix of evidence and statement of facts as joined, as ordered under Docket 19, Mr. Ryan Graham confirmed in relevant part: "The joint evidentiary appendix is not a document. It's a binder of evidence that we will put together and give to the Court. The documents are in the link sent to you earlier and are all of the evidence that has been disclosed/designated in discovery. If you are curious about what's in it, specifically, I suggest you cosnult [sic] the index that's beeen [sic] created, as it's too long to go over here. Given that we have a few extra days, we may re-number the exhibits so they're not so out of whack. Maybe we'll put the depositions as Exhibits 1, 2, 3, and 4, for example—instead of in the 40s. At any rate, yes, your exhibits are in there." (Ex. E.)

8. On May 6, 2019, the undersigned was finally able to open the link to the Joint Evidentiary Index due to the link not working, the undersigned objected to some of the materials Defendants included that was not provided in discovery. Mr. Graham at 6:38 p.m. that day sent an email remotely referencing Defendants' position that both the Joint Evidentiary Index and Statement of the Facts were to be a separate document

provided by each party on May 7, 2019. (Ex. F.) The Undersigned sent three follow up emails for clarification on May 6, 2019, but did not hear back from Mr. Graham. (Ex. F.)

9. On May 7, 2019, the undersigned called Mr. Graham three times in the morning of May 7, 2019, to finally speak with him about noon, at which time Mr. Graham confirmed in person that the Defendants' position was that, unlikely the joint documents called for in the Docket number 19, each party had to submit to each other separate brief, evidentiary appendix, and statement of facts on May 7, 2019.

10. On May 7, 2019, the undersigned emailed to the Defendants' counsels the Plaintiffs' Joint Motion for Summary Judgement, The Statement of Disputed/Undisputed Facts, And Joint Plaintiffs' Appendix in pdf format as Mr. Graham asked to prepare separate documents by each party. (Ex. G.)

11. On May 8, 2019, Mr. Ryan Graham send a link to a virtual location where he still had access to that included the Evidentiary Appendix, the Defendants' Summary Judgment Motion and Statement of Facts. The later two were also emailed in word. (Ex. H.)

12. When on May 9, 2019, the undersigned indicated to Mr. Graham that she needed a final product and that a link to a virtual location where Defendants could still make changes to was late and unacceptable, Mr. Ryan Graham emailed Defendants' Joint Motion for Summary Judgement, The Statement of Disputed/Undisputed Facts, And Joint Plaintiffs' Appendix. Within minutes, Mr. Graham asked the undersigned to continue to make changes to the Defendants' documents, including the brief, which the undersigned rejected and did not agree to further extensions. (Ex. I.)

13. On May 10, 2019, per Mr. Graham's request, the undersigned emailed to Mr. Ryan Graham a Microsoft Word version of the Plaintiffs' Motion for Summary Judgement and Statement of the Facts as both exported from PDF to ensure that identical documents were provided.

14. On May 18, 2019, per the deadline set by Mr. Ryan Graham, the undersigned emailed the Defendants' Motion for Summary Judgement Integrated with Plaintiffs' Opposition therein. Shortly after receipt of this email, Mr. Ryan Graham said that he could not work with either pdf or word document the undersigned had previously provided to him. The undersigned indicated that she just tried to work with both of her word

DECLARATION OF LIANA SEROBIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT AND IN OPPOSITION OF THE DEFENDANTS' MSJ AND OPPOSITION
PAGE | 8

documents, and they worked just fine. The undersigned questioned why Mr. Graham waited until past the deadline to inform the undersigned that he was having issues with the documents. The undersigned asked for Mr. Graham's work product in any format if his failure to provide a timely Opposition was indeed due to the word issues, however, none was provided by Mr. Graham that day. (Ex. J.)

15. On May 19, 2019, at 11:59 pm, Mr. Ryan Graham emailed the undersigned the Defendant's Opposition in a regular word document not on a pleading paper with no case identifying information. Then, Mr. Graham gave detailed instructions in his email as to where for the undersigned to copy and paste these 20 page, broker in many parts, into the Plaintiffs' Motion for Summary Judgement. Mr. Graham admitted that the numbering noted in his email was off and did not match the numbering in the Opposition attached. Notably, Mr. Graham had no problem providing an integrated Plaintiffs' Statement of Facts, which was prepared on the same word program on the undersigned's computer as the word documents sent to Mr. Graham on May 10 and 18, 2019. (Ex. K.)

DECLARATION OF LIANA SEROBIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT AND IN OPPOSITION OF THE DEFENDANTS' MSJ AND OPPOSITION
PAGE | 9

16. The undersigned informed Mr. Graham that she refused to complete Mr. Graham's unfinished Opposition on Plaintiffs' time. The undersigned gave Mr. Graham time to do so until 5 p.m. of May 23, 2019, so that an integrated Plaintiffs' Motion for Summary Judgement would be filed with this Court. This was same deadline Mr. Graham had set for the undersigned. However, Mr. Graham did not do so and did not respond to the undersigned emails or telephone message on May 23, 2019, the deadline to file the Summary Judgement Motions. (Ex. L.)

17. As to the Defendants' Motion for Summary Judgement, on May 22, 2019, Mr. Graham emailed for undersigned's signature a substantially changed Defendants' Motion for Summary Judgement and asked undersigned to sign in. On May 23, 2019, the undersigned emailed Mr. Graham that she would not sign the substantially changed Defendants' Motion for Summary Judgement, and attached a screen shot of the Court's Docket 19, paragraph 9(D) on page 5 order, directing the moving parties not to make any changes to the document, but simply finalize it for filing. The Defendants' Motion for Summary Judgment was hence in violation of this order. The undersigned then emailed for Mr. Graham to attach the undersigned's declaration and attachments thereto to the

Defendants' Motion for Summary Judgment to explain the lack of signature.  However, Mr. Graham filed the Defendants' Motion for Summary Judgement on May 23, 2019, at 4:48 p.m, not waiting for the 5p.m. deadline set for the undersigned. (Ex. M.)

18. On May 22 and then May 23, 2019, the undersigned had an email and telephone (conversation on May 22 and message on May 23) meet and confer with Mr. Graham regarding the Plaintiffs' intend to file a Motion to Strike Defendants' Motions for Summary Judgement As Untimely per the stipulated deadlines Mr. Graham set and in violation of Standing Order 19, paragraph 9(D), page 5. The undersigned also indicated the Plaintiffs' planned to request the Court to Strike the Defendants' Opposition to the Plaintiffs' Motion for Summary Judgement again for being untimely and in violation of Standing Order 19, paragraph 9(C and D), page 5. (Ex. M.) Mr. Graham did not respond to the May 23, 2019, efforts to meet and confer.

19. Also on May 22, 2019, Plaintiffs had a meet and confer via a telephone conversation with Defendants regarding asking this Court to strike the Requests for Admissions that were the second of the two sets provided by the Defendants to Plaintiffs in the discovery process. While these were

DECLARATION OF LIANA SEROBIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT AND IN OPPOSITION OF THE DEFENDANTS' MSJ AND OPPOSITION
PAGE | 11

identical, the sets were renumbered and the same questioned moved around, resulting in undue burdensome and repetitive efforts by the Plaintiffs to answer over 100 discovery questions. The responses to the first set was provided to the Defendants in a timely manner in December 2018, when both Defendants Helwajian and Carey were defendants in the case. Plaintiffs believe that the first timely answered set should be deemed as answered for all Defendants and Defendants and their counsel should be sanctioned under 28 U.S. Code § 1927 for undue, repetitive, and burdensome discovery process and excessive litigation costs incurred by the Plaintiffs.

I declare under the penalty of perjury under the laws of the State of California, in Glendale, CA.


May 23, 2019                          /s/ Liana Serobian

                                      Liana Serobian
                                      Counsel for the Plaintiffs


DECLARATION OF LIANA SEROBIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY
JUDGEMENT AND IN OPPOSITION OF THE DEFENDANTS' MSJ AND OPPOSITION
PAGE | 12

# PROOF OF SERVICE

STATE OF CALIFORNIA, County of Los Angeles:

LIANA SEROBIAN states: that I am and at all times herein mentioned have been a citizen of the United States and a resident of the County of Los Angeles, over the age of eighteen years and not a party the within action; that my business address is 100 North Brand Blvd., Suite 600, Glendale, County of Los Angeles, State of California.

That on the 23rd day of May 2019, I served the attached Declaration of Liana Serobian and Exhibits thereto upon the interested parties listed below by electronic service via email and mail addressed as follows:

- Avi Burkwitz; Esq., ABurkwitz@pbbllp.com
  Ryan A. Graham, Esq., rgraham@bbllg.com
  PETERSON · BRADFORD · BURKWITZ
  100 North First Street, Suite 300
  Burbank, California 91502

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of May 2019, at Glendale, California.

/s/ Liana Serobian
LIANA SEROBIAN, ESQ.

DECLARATION OF LIANA SEROBIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT AND IN OPPOSITION OF THE DEFENDANTS' MSJ AND OPPOSITION
PAGE | 13