Liana Serobian, Esq. (SBN 235466)
Serobian Law, Inc.
100 N. Brand Blvd., Suite 600
Glendale, CA 91203
(818) 539-2249
L.Serobian@yahoo.com

Attorneys for Plaintiffs, Ulikhanova and Minor P.G.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ULIKHANOVA, *ET AL.*,,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, ET AL.,<br><br>Defendant | **Case No. 2:17-CV-9193-FMO-E**<br>**Hon. Fernando M. Olguin (Dist. Judge)**<br>**Hon. Charles F. Eick (Mag. Judge)**<br><br>PLAINTIFFS' EX-PARTE APPLICATION TO STRIKE DEFENDANTS MOTION FOR SUMMARY JUDGEMENT AND ALL RELATED DOCUMENTS AND DEFENDANTS' OPPOSITION TO THE PLAINTIFFS' MSJ AS UNTIMELY AND IN VIOLATION OF THE STANDING ORDER DOCKET 19<br><br>COMPLAINT FILED: DECEMBER 23, 2017<br>FAC FILED: APRIL 19, 2018<br>SAC FILED: MAY 18, 2018<br>TAC FILED: JULY 2, 2018 |

PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION
PAGE | 1

PLEASE TAKE NOTICE:

This Ex-Parte Application comes after good faith meet and confer attempts by the undersigned on May 22 and 23, 2019. On May 22, 2019, email and telephone conversation took place with Defendant's counsel Mr. Graham. On May 23, 2019, email was sent at 1:44 p.m. and voicemail was left for Mr. Graham at 2:30 pm by the undersigned. However, Mr. Graham failed to email or call undersigned back and proceeded to file Defendants' Summary Judgment Motion that was not the original Mr. Graham had emailed the undersigned on May 8, 2019. Mr. Graham also did not integrate his draft Opposition into the Plaintiffs' Motion by the deadline of May 23, 2019. Additionally, both documents were provided late to the undersigned and would not have been filed by this Court if these had to be filed through the CM/ECF system. (Declar., paragraphs 10-18, Exs. L-M.) It is necessary to hear this matter on ex-parte basis given the hearing on the said Motions is to be held on June 20, 2019.

The matter before the Court is Plaintiffs' Ex Parte Application for an Order Striking Defendant's Motion for Summary Judgment emailed to Plaintiffs' counsel unfinished and late on May 8, 2019, and the Evidentiary Appendix that was not emailed until May 9, 2019. These both were late and gave Defendants extra time and unfair advantage over Plaintiffs to work on their Motion and

PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION
PAGE | 2

attachments thereto. Further, Defendants made substantial changes to their Motion for Summary Judgement when filing the same on May 23, 2019, in violation of the Standing Order of this Court, in Docket number 19, section 9(D), which instructs moving parties not to make any changes, but to simply finalize and file the briefs. (Declaration of Liana Serobian [Declar.], paragraphs 10-18, Exs. G-M; Dock. 19, Ex N., Defendant's Original Summary Judgment Motion With Plaintiffs' Integrated Opposition.)

      Moreover, Defendants' Opposition to the Plaintiffs' Motion for Summary Judgement was also emailed late and unfinished on May 19, 2019, at 11:30 p.m. Although counsel for the Plaintiffs' gave counsel for the Defendants, Mr. Ryan Graham, an opportunity to integrate the Opposition into the Plaintiffs' brief for filing on May 23, 2019, Mr. Graham did not do so. As such, bound by the Docket Number 19, section 9(C) and (D), the undersigned refused to complete Mr. Graham's unfinished work or make any substantial changes to the way document was sent back to the undersigned for finalization and filing. (Declar., paragraphs 14-18, Exs. J-M; Dock. 19.)

      Hence, both the Defendants' Motion for Summary Judgement and Opposition to the Plaintiffs' Motion for Summary Judgement suffer from the same flaws – these documents were late when provided to the undersigned and violated

PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION
PAGE | 3

Docket Number 19, section 9(C) and (D). Accordingly, this Court should strike these briefs and documents prepared by the Defendants, and all related documents, including the Defendants' Application to file the exhibits in support under seal in Docket number 78-90, which was granted by this Court in Docket number 84.

The Defendants simply did not comply with the deadlines they set forth and stipulated, violated the Standing Order and the legal process in bad faith to gain unfair advantage over the Plaintiffs' in extra briefing time and the outcome of this hotly contested litigation. Plaintiffs' were placed in a position to monitor Defendants' every step to ensure that were not being stepped over at undue costs.

## I. Factual and Procedural Background As Related to this Motion

1. On April 18, 2019, the undersigned and Mr. Graham met to conduct the meet and confer for the parties' pending Summary Judgement Motions per this Court's Standing Order docket number 19. (ECF No. 19, Declar., parag. 1.)

2. On May 1, 2019, Mr. Graham emailed the undersigned the following proposed stipulated briefing schedule, to which the undersigned agreed: " . . . This will be the final versions—no more extensions. May 18, 2019, by 6pm: Opposing parties return the MSJs to the moving parties with their opposing sections. The moving parties then each format their own MSJ materials for filing. May 21, 2019, by 6pm: Moving parties provide final copies of MSJs to opposing copies for signatures. May 22, 2019, by 6pm: Opposing parties return signed copies of MSJs to moving parties. May 23, 2019, by midnight: Moving parties file their MSJs.  Note that this is approximately the same as the Court' MSJ order—the only thing we're changing is that we're giving ourselves a little more time to write the motion,

PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION
PAGE | 4

and cutting a little time out from the opposition time. The Court's MSJ order seemed to have padded extra time into the briefing schedule. Let me know if you're agreeable." (Declaration of Counsel, parag. 6; Ex. D.) Note, the undersigned did not ask for this extension and this was a sue sponte request by Mr. Graham. The undersigned agreed to this schedule.

3. On May 7, 2019, after several emails and three telephone calls from the undersigned to Mr. Graham for clarification, Mr. Graham finally spoke with the undersigned at about noon. He clarified that the previous discussions to comply with the Standing Order Docket no. 19 and prepare a joint appendix of facts and evidence was not the Defendants' plan. Defendants wanted all documents to be separately prepared by each party. (Declar. Parags. 8-9.)

4. Remarkably, the undersigned was able to put all the documents together the same day and emailed these to the Defendants' counsels on May 7, 2019 - the Plaintiffs' Joint Motion for Summary Judgement, The Statement of Disputed/Undisputed Facts, And Joint Plaintiffs' Appendix in pdf format as Mr. Graham asked to prepare separate documents by each party. (Declar. parag. 10; Ex. G.)

5. On May 8, 2019, Mr. Ryan Graham send a link to a virtual location where he still had access to that included the Defendants' Evidentiary Appendix, the Defendants' Summary Judgment Motion and Statement of Facts. The later two were also emailed in word, however, the brief was unfinished as it had no tables of content or authorities and Mr. Graham still wanted to make changes to it. Undersigned did not agree to any further extensions. (Declar. parag. 11-12; Exs. H, I.)

6. On May 10, 2019, per Mr. Graham's request, the undersigned emailed to Mr. Graham a Microsoft Word version of the Plaintiffs' Motion for Summary Judgement and Statement of the Facts as both exported from PDF to ensure that identical documents were provided. (Declar. parag. 13.)

7. On May 18, 2019, per the deadline set by Mr. Ryan Graham, the undersigned emailed the Defendants' Motion for Summary Judgement Integrated with Plaintiffs' Opposition therein. Shortly after receipt of this email, Mr. Ryan Graham emailed back stating that he could not work with either pdf or word document the undersigned had previously provided to him. The undersigned questioned why Mr. Graham waited until past the deadline to inform the undersigned that he was having issues with the documents. The undersigned asked for Mr. Graham's work product in any format if his failure to provide a timely Opposition was indeed due to the word issues, however, none was provided by Mr. Graham that day. (Declar. parag. 14; Ex. J.)

8. The undersigned immediately tried to work with both of her word documents, and they worked just fine. (Declar. parag. 14; Ex. J.)

9. On May 19, 2019, at 11:59 pm, Mr. Ryan Graham emailed the undersigned the Defendant's Opposition in a regular word document not on a pleading paper with no case identifying information. Then, Mr. Graham gave detailed instructions in his email as to where for the undersigned to copy and paste these 20 pages, broken in many parts, into the Plaintiffs' Motion for Summary Judgement. Mr. Graham admitted that the numbering noted in his email was off and did not match the numbering in the Opposition attached. Notably, Mr. Graham had no problem providing an integrated Plaintiffs' Statement of Facts, which was prepared on the same word program on the undersigned's computer as the word documents sent to Mr. Graham on May 10 and 18, 2019. (Declar. parag. 15; Ex. K; Ex. O, Defendants' Opposition.)

10. The undersigned informed Mr. Graham that she refused to complete Mr. Graham's unfinished Opposition on Plaintiffs' time. The undersigned gave Mr. Graham time to do so until 5 p.m. of May 23, 2019, so that an integrated Plaintiffs' Motion

for Summary Judgement would be filed with this Court. This was same deadline Mr. Graham had set for the undersigned. However, Mr. Graham did not do so and did not respond to the undersigned's emails or telephone message on May 23, 2019, the deadline to file the Summary Judgement Motions. (Declar. parag. 16; Ex. L.)

11. As to the Defendants' Motion for Summary Judgement, on May 22, 2019, Mr. Graham emailed for undersigned's signature a substantially changed Defendants' Motion for Summary Judgement and asked undersigned to sign in. On May 23, 2019, the undersigned emailed Mr. Graham back stating that she would not sign the substantially changed Defendants' Motion for Summary Judgement, and attached a screen shot of the Court's Docket 19, paragraph 9(D) on page 5, directing the moving parties not to make any changes to the document, but simply finalize it for filing. Mr. Graham admitted that these changes were made to the document, but without getting back to the undersigned emails or message, filed the Defendants' Motion for Summary Judgment at 4:48 p.m on May 23, 2019. (Declar. parag. 17-18; Ex. M; Ex N.)

12. Remarkably, at the telephonic meet and confer on May 22, 2019, Mr. Graham threatened the undersigned with a Motion for Sanctions if she did indeed file this Application to Strike his untimely filings. The undersigned indicated that her application was supported by facts and driven by her zealous representation of Plaintiffs, and the Defendants' threat for sanctions was nothing more than blackmail. (Declar., parag. 19.)

## II. Contentions

Plaintiffs contend that this Court should strike Defendants' Motion for Summary Judgment and their Opposition to the Plaintiffs' Motion for Summary Judgement, and all related documents, as both untimely and in violation of the Standing Order number 19's directive to not make any changes to the moving

party's brief after it had been integrated with an Opposition and that it was the opposing party's responsibility to provide an integrated Opposition into the Summary Judgement Motion. (Dock. No. 19.) This Court affirmed the same in docket number 84 prior to the May 21, 2019.  (Dock. No. 84.)

Because the Standing Order in question requires that parties work together, it is reasonably anticipated that parties may stipulate to deadlines other than in the order so long as the briefs are timely filed with the Court. Here too, while parties went back and forth with deadlines, per Mr. Graham's outline of May 1, 2019, there was a stipulation that the moving briefs would be sent or emailed on May 7, 2019, the integrated oppositions on May 18, 2019, and final briefs for signature without any changes made on May 22, 2019. The Defendants managed to violate each of these steps outlined in the Standing Order number 19 and set forth in their own proposed schedule.

While in their communications with the undersigned, Mr. Graham has admitted that both his Motion and Opposition was untimely, however, at least as to the Opposition, he tried to blame the undersigned's word documents. The question remains as to why Mr. Graham could not have prepared the very draft he later belatedly submitted on May 19, 2019, on time if it was simply based on review of the pdf version of the Plaintiffs' brief emailed to Defendants 12 days prior. Or why

PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION
PAGE | 8

did Mr. Graham wait until after the deadline to proclaim that the word document was difficult to work with. How would then Mr. Graham explain why the Plaintiffs' Appendix of Facts using the same program and computer was just fine to work with?

It is clear from Mr. Graham's pattern of missing the very final deadlines Defendants set that both the Defendant's Motion for Summary Judgment and Opposition were untimely, and there is no good cause for either. Notably, the Defendants did not comply with the deadlines they set forth and stipulated to at least by midnight of the date, and this Court would not have filed these belated documents if the Defendants had to submit these through the CM/ECF system. Local Rule 5-4.6.1 states as follows: "Timeliness. Unless otherwise provided by order of the assigned judge, all electronic transmissions of documents must be completed prior to midnight Pacific Standard Time or Pacific Daylight Time, whichever is in effect at the time, in order to be considered timely filed on that day."

Further, there could be absolutely no good faith explanation why Defendants chose to circumvent the Standing Order number 19 and its specific provisions under section 9(D) for moving parties to not make any changes to the brief once it had been integrated by the Opposing party. (Dock. 19.) Further, there

PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION
PAGE | 9

could be no explanation why Mr. Graham would assume that Plaintiffs' counsel should use her time to complete his unfinished Opposition and attempt to brake down the 20 pages provided and integrate these in her brief, when even the headings were admittedly confusing and mismatched, per Mr. Graham. See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (internal quotations omitted) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

      This Court should not permit the Defendants to take unfair advantage of the Plaintiffs by getting extra briefing time and circumvent the Standing Order 19. Defendants should be held accountable for their belated and changed filings up to the day before the May 23, 2019, deadline after the Plaintiffs integrated their Opposition in their brief. They should also suffer the consequences of filing a fatally flawed draft that this Court would have rejected for filing. And this after having 12 days to review and work on the Plaintiffs' Motion for Summary Judgment.

      Therefore, both the Defendants' Motion for Summary Judgement and Opposition to the Plaintiffs' Motion for Summary Judgement suffer from the same flaws – these documents were late when provided to the undersigned and violated

PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION
PAGE | 10

Docket Number 19, section 9(C) and (D). These documents and all related filings in docket numbers 78, 79, 80, 84, related to the Application and Order for Sealed Exhibits in Support of the Defendants' Motion for Summary Judgement, and 89, 90, 91, related to the motion itself, and exhibit 2, Defendants' Opposition and supporting documents, to Docket number 92, Plaintiffs' Motion for Summary Judgment, should be stricken by this Court.

### III. Conclusion

Accordingly, this Court should strike these briefs and documents prepared by the Defendants, and all related documents noted above, including the Defendants' Application to file the exhibits in support under seal in Docket number 78-80, which was granted by this Court in Docket number 84.

May 24, 2019                                    <u>Liana Serobian</u>
                                                Counsel for the Plaintiffs

# PROOF OF SERVICE

STATE OF CALIFORNIA, County of Los Angeles:

LIANA SEROBIAN states: that I am and at all times herein mentioned have been a citizen of the United States and a resident of the County of Los Angeles, over the age of eighteen years and not a party the within action; that my business address is 100 North Brand Blvd., Suite 600, Glendale, County of Los Angeles, State of California.

That on the 24th day of May 2019, I served the attached Plaintiffs' Request for Clarification upon the interested parties listed below by electronic service via email and mail addressed as follows:

- Avi Burkwitz; Esq., ABurkwitz@pbbllp.com
  Ryan A. Gra am, Esq., rgraham@bbllg.com
  PETERN ·RADFORD· BURKWITZ
  100 North First Street, Suite 300
  Burbank, California 91502

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of May 2019, at Glendale, California.

/s/ Liana Serobian
LIANA SEROBIAN, ESQ.