**PETERSON · BRADFORD · BURKWITZ**

# E<span/>XHIBIT 4

(to Declaration of Ryan A. Graham, Esq., in Opposition to Plaintiffs' Ex Parte Application to Expedite Juvenile Case File Processing [ECF No. 105])

*Lucy Ulikhanova, et al. v. County of Los Angeles, et al.*
(2:17-CV-09193-FMO-E)

Liana Serobian, Esq. (SBN 235466)
Serobian Law, Inc.
100 N. Brand Blvd., Suite 600
Glendale, CA 91203
(818) 539-2249
L.Serobian@yahoo.com

Attorneys for Plaintiffs, Ulikhanova and Minor P.G.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY ULIKHANOVA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES, *et al.*, <br><br> Defendants. | Case No. 2:17-CV-9193-FMO-E <br><br> Hon. Fernando M. Olguin (Dist. Judge) <br> Hon. Charles F. Eick (Mag. Judge) <br><br> **PLAINTIFFS RESPONSE TO THE DEFENDANT COUNTY OF LOS ANGELES' REQUESTS FOR ADMISSION (SET ONE)** <br><br> Complaint Filed: December 28, 2017 <br> FAC Filed: April 19, 2018 <br> SAC Filed: May 18, 2018 <br> TAC Filed: July 2, 2018 |

**Propounding Party** ................ Defendant County of Los Angeles

**Responding Party** ................... Plaintiffs Ulikhanova and P.G.

**Set Number** ............................. One

Pursuant to Federal Rule of Civil Procedure 33, Defendant County of Los Angeles hereby requested that Plaintiffs Lucy Ulikhanova and Minor P.G. admit the matters identified below, under oath, by way of stipulated deadline of November 26, 2018.

PLAINTIFFS RESPONSE TO THE DEFENDANT COUNTY OF LOS ANGELES' REQUESTS FOR ADMISSION (SET ONE) - 1

## DEFINITIONS GIVEN BY DEFENDANTS

As used in these demands, the following words and phrases, when capitalized and bolded, are assigned the following meanings.

"**YOU**" means Plaintiffs Ulikhanova and Minor P.G.

## DEFINITIONS GIVEN BY PLAINTIFFS

**ANSWER 1:** is by Plaintiff Ulikhanova

**ANSWER 2:** is by Plaintiff Minor P.G.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**Request for Admission No. 1.**

Admit that Plaintiff Lucy Ulikhanova is still married to Brian G.

ANSWER 1: Yes

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 2.**

Admit that **YOU** have never submitted a Government Tort Claim Form to Defendant County of Los Angeles.

ANSWER 1: Responding Party lacks information or knowledge to admit or deny this request. I made a formal complaint with the Office of County Counsel Keith Davis and his secretary. I do not know if this was transcribed on the proper form.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

PLAINTIFFS RESPONSE TO THE DEFENDANT COUNTY OF LOS ANGELES' REQUESTS FOR ADMISSION (SET ONE) - 2

**Request for Admission No. 3.**

Admit that the investigation by DCFS into the allegations that Brian G. sexually abused P.G. ended as "inconclusive."

ANSWER 1: Responding Party lacks information or knowledge to admit or deny this request. I don't understand "Inconclusive." It was closed, because the Family Court took over the matter and awarded me sole custody.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 4.**

Admit that, in a misdemeanor complaint filed on June 17, 2016, Plaintiff Lucy Ulikhanova was charged with intentionally recording a confidential communication without the consent of all parties to such communication by means of a recording device from April 29 to April 30, 2018.

ANSWER 1: I invoke my right under the Fifth Amendment to the US Constitution not to answer, on the grounds I may incriminate myself.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 5.**

Admit that, on December 6, 2016, Plaintiff Lucy Ulikhanova was convicted of violating California Penal Code section 632(a).

ANSWER 1: I invoke my right under the Fifth Amendment to the US Constitution not to answer, on the grounds I may incriminate myself.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 6.**

Admit that Plaintiff Lucy Ulikhanova has previously been arrested for

003

possession of methamphetamine.

ANSWER 1: I invoke my right under the Fifth Amendment to the US Constitution not to answer, on the grounds I may incriminate myself.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 7.**

Admit that Plaintiff Lucy Ulikhanova has never sought medical treatment related to her use of methamphetamine.

ANSWER 1: I invoke my right under the Fifth Amendment to the US Constitution not to answer, on the grounds I may incriminate myself.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 8.**

Admit that Dr. Thea Reinhart is a psychologist.

ANSWER 1: Responding Party lacks information or knowledge to admit or deny this request. I don't know all of the licenses Dr. Reinhart holds.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 9.**

Admit that Dr. Thea Reinhart is the only psychologist to ever conclude that P.G. was sexually abused.

ANSWER 1: I invoke my right under the Fifth Amendment to the US Constitution not to answer, on the grounds I may incriminate myself.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

PLAINTIFFS RESPONSE TO THE DEFENDANT COUNTY OF LOS ANGELES' REQUESTS FOR ADMISSION (SET ONE) - 4

**Request for Admission No. 10.**

Admit that Dr. Thea Reinhart does not hold a doctor of medicine degree.

ANSWER 1: Responding Party lacks information or knowledge to admit or deny this request. I don't know all of the licenses Dr. Reinhart holds.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 11.**

Admit that Dr. Thea Reinhart did not perform a physical examination of P.G.

ANSWER 1: Responding Party lacks information or knowledge to admit or deny this request. I don't know what does "physical examination" entail to answer this question.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 12.**

Admit that no medical doctor has ever concluded that Brian G. sexually abused P.G.

ANSWER 1: Responding Party lacks information or knowledge to admit or deny this request. I don't know who qualifies as a "medical doctor" to answer this question.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 13.**

Admit that no physician who has physically examined P.G. has concluded

PLAINTIFFS RESPONSE TO THE DEFENDANT COUNTY OF LOS ANGELES' REQUESTS FOR ADMISSION (SET ONE) - 5

005

that Brian G. sexually abused P.G.

ANSWER 1: Responding Party lacks information or knowledge to admit or deny this request. I don't know who qualifies as a "physician" or what physical examine entails to answer this question.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 14.**

Admit that Plaintiff Lucy Ulikhanova coached P.G. to say the phrase "daddy bit my woo-woo."

ANSWER 1: Deny.

ANSWER 2: Deny.

**Request for Admission No. 15.**

Admit that Plaintiff Lucy Ulikhanova coached P.G. to say the phrase "pink flashlight" in the context of sexual abuse.

ANSWER 1: Deny.

ANSWER 2: Deny.

**Request for Admission No. 16.**

Admit that Plaintiff Lucy Ulikhanova has no physical evidence that Brian G. sexually abused P.G.

ANSWER 1: Responding Party lacks information or knowledge to admit or deny this request. I don't know what qualifies as a "physical evidence" to answer this question.

ANSWER 2: Responding Party Minor lacks information or knowledge to

admit or deny this request.

**Request for Admission No. 17.**

Admit that Plaintiff Lucy Ulikhanova knows of no witnesses to the alleged sexual abuse of P.G. by Brian G.

ANSWER 1: Deny.

ANSWER 2: Deny.

**Request for Admission No. 18.**

Admit that, at the time P.G. was removed from Plaintiff Lucy Ulikhanova's custody in January 2016, Brian G. did not live with Plaintiff Lucy Ulikhanova.

ANSWER 1: Admit.

ANSWER 2: Responding Party Minor lacks information or knowledge or memory to admit or deny this request.

**Request for Admission No. 19.**

Admit that, at the time P.G. was removed from Plaintiff Lucy Ulikhanova's custody in January 2016, her relationship with Brian G. had become so bad that she would not have allowed him to move back in with her.

ANSWER 1: Responding Party lacks information or knowledge to admit or deny this request. To answer would mean to speculate.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

///

PLAINTIFFS RESPONSE TO THE DEFENDANT COUNTY OF LOS ANGELES' REQUESTS FOR ADMISSION (SET ONE) - 7

**Request for Admission No. 20.**

Admit that Plaintiff Lucy Ulikhanova has not lived with Brian G. since P.G. was removed from Plaintiff Lucy Ulikhanova's custody in January 2016.

ANSWER 1: Admit.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 21.**

Admit that Plaintiff Lucy Ulikhanova refused to let social worker Rhonda White conduct an in-person interview with P.G. without an attorney present.

ANSWER 1: I don't remember. Responding Party lacks memory, information or knowledge to admit or deny this request.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request.

**Request for Admission No. 22.**

Admit that the application to remove P.G., at page COLA_000037, contains a heading titled "Child Abuse/Referral History."

ANSWER 1: Responding Party lacks memory, knowledge, or information without being refreshed to admit or deny this request and does not have authority to discuss the content of confidential juvenile case file under Welfare and Institutions Code section 827.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request, and cannot discuss it under WIC 827.

PLAINTIFFS RESPONSE TO THE DEFENDANT COUNTY OF LOS ANGELES' REQUESTS FOR ADMISSION (SET ONE) - 8

**Request for Admission No. 23.**

Admit that the application to remove P.G., at pages COLA_000037–38, lists four referrals under the title "Child Abuse/Referral History" on dates 10/04/2015, 02/05/2015, 04/28/2014, and 04/23/2013.

ANSWER 1: Responding Party lacks memory, knowledge, or information without being refreshed to admit or deny this request and does not have authority to discuss the content of confidential juvenile case file under Welfare and Institutions Code section 827.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request, and cannot discuss it under WIC 827.

**Request for Admission No. 24.**

Admit that the application to remove P.G., at page COLA_000037, contains the following statement: "The child's father, Brian Garcia, does not reside in the home; there is a Family Law order that grants the father monitored visits."

ANSWER 1: Responding Party lacks memory, knowledge, or information without being refreshed to admit or deny this request and does not have authority to discuss the content of confidential juvenile case file under Welfare and Institutions Code section 827.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request, and cannot discuss it under WIC 827.

**Request for Admission No. 25.**

Admit that the application to remove P.G., at page COLA_000037, contains the following statement: "[P.G.] was reported to have disclosed Father 'bit her woo woo.'"

PLAINTIFFS RESPONSE TO THE DEFENDANT COUNTY OF LOS ANGELES' REQUESTS FOR ADMISSION (SET ONE) - 9

ANSWER 1: Responding Party lacks memory, knowledge, or information without being refreshed to admit or deny this request and does not have authority to discuss the content of confidential juvenile case file under Welfare and Institutions Code section 827.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request, and cannot discuss it under WIC 827.

**Request for Admission No. 26.**

Admit that the application to remove P.G., at page COLA_000037, contains the following statement: "A subsequent examination of [P.G.] showed no evidence of SA or trauma."

ANSWER 1: Responding Party lacks memory, knowledge, or information without being refreshed to admit or deny this request and does not have authority to discuss the content of confidential juvenile case file under Welfare and Institutions Code section 827.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request, and cannot discuss it under WIC 827.

**Request for Admission No. 27.**

Admit that the application to remove P.G., at page COLA_000037, contains the following statement: "Mother was awarded sole custody of the child and Father was awarded monitored visitation."

ANSWER 1: Responding Party lacks memory, knowledge, or information without being refreshed to admit or deny this request and does not have authority to discuss the content of confidential juvenile case file under Welfare and

Institutions Code section 827.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request, and cannot discuss it under WIC 827.

**Request for Admission No. 28.**

Admit that the application to remove P.G., at page COLA_000037, contains the following statement: "Mother obtained a R/O against Father."

ANSWER 1: Responding Party lacks memory, knowledge, or information without being refreshed to admit or deny this request and does not have authority to discuss the content of confidential juvenile case file under Welfare and Institutions Code section 827.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request, and cannot discuss it under WIC 827.

**Request for Admission No. 29.**

Admit that the application to remove P.G., at page COLA_000037, contains the following statement: "The allegations were inconclusive and referral was closed."

ANSWER 1: Responding Party lacks memory, knowledge, or information without being refreshed to admit or deny this request and does not have authority to discuss the content of confidential juvenile case file under Welfare and Institutions Code section 827.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request, and cannot discuss it under WIC 827.

**PLAINTIFFS RESPONSE TO THE DEFENDANT COUNTY OF LOS ANGELES' REQUESTS FOR ADMISSION (SET ONE) - 11**

**Request for Admission No. 30.**

Admit that the application to remove P.G., at page COLA_000055, contains the following statement: "DCFS has been unable to get consent from father as the family reports that the mother went to family law court and obtained full custody of the child."

ANSWER 1: Responding Party lacks memory, knowledge, or information without being refreshed to admit or deny this request and does not have authority to discuss the content of confidential juvenile case file under Welfare and Institutions Code section 827.

ANSWER 2: Responding Party Minor lacks information or knowledge to admit or deny this request, and cannot discuss it under WIC 827.

Signed under the penalty of perjury under the laws of the State of California, in Glendale, California.

_Nov. 26, 2018___

Date

Lucy Ulikhanova

_Nov. 26, 2018___

Date

Lucy Ulikhanova for Minor P.G.

PLAINTIFFS RESPONSE TO THE DEFENDANT COUNTY OF LOS ANGELES' REQUESTS FOR ADMISSION (SET ONE) - 12

RECEIVED NOV 3 0 2018