PETERSON · BRADFORD · BURKWITZ

# Exhibit 6

(to Declaration of Ryan A. Graham, Esq., in Opposition to Plaintiffs' Ex Parte Application to Expedite Juvenile Case File Processing [ECF No. 105])

*Lucy Ulikhanova, et al. v. County of Los Angeles, et al.*
(2:17-CV-09193-FMO-E)

# Peterson • Bradford • Burkwitz

### ATTORNEYS AT LAW

100 North First Street, Suite 300 • Burbank, California 91502
Telephone: 818.562.5800 • Fax: 818.562.5810

File No:  2003-COLA
Email:  rgraham@pbbllp.com

October 31, 2018

Liana Serobian, Esq.
Serobian Law, Inc.
100 North Brand Blvd., Suite 600
Glendale, CA 91203

**Re:**   **Ulikhanova, Lucy v. County of Los Angeles et al.**

Dear Ms. Serobian:

This letter serves to follow up on our telephone conversation today, October 31, 2018, at approximately 12:10 p.m. During our call, I informed you that Defendants intend to file a motion to compel responses to (1) Defendants' Demand for Production to Plaintiff Lucy Ulikhanova (Set One) and (2) Defendants' Demand for Production to Plaintiff P.G. (Set One). I also informed you that I would be sending this letter to initiate the meet and confer process pursuant to Local Rule 37-1. We also discussed a mental health records waiver and the depositions of the individual social worker defendants and County Counsel Keith Davis.

*• Issue No. 1: Plaintiff's Responses to Defendants' Demands for Production*
During our telephone converstion, you told me that you believed our joint stipulation to continue discovery until December 31, 2019 (ECF Nos. 63, 64) served to extend the deadlines to respond to Defendants' discovery requests. I note that this was your position on October 15, 2018 when you replied to my original email (October 10, 2018) reaching out about the lack of any responses to our discovery requests. (*See* Ex. A, at 2.) In that email, you noted that if "this was a misunderstanding on my part, please explain." (*Id.*) In my response, I cited the court's scheduling order, which notes the following: "[The discovery cutoff] is not the date by which discovery requests must be served; it is the date by which all discovery, including all hearings on any related motions, is to be completed." (*Id.* at 1.) The discovery cutoff is a global deadline that applies to all discovery—not the deadlines for any particular discovery requests. Neither I nor Avi agreed to any extensions of time for Plaintiffs to respond to our discovery requests.

Nevertheless, you articulated that you would "start working on this ASAP regardless." (*Id.* at 2.) Based on this representation, we agreed to forgo filing a motion to compel if responses could be sent by

October 31, 2018
Re: <u>Ulikhanova v. COLA</u>
Liana Serobian
Page 2

# Peterson • Bradford • Burkwitz
## ATTORNEYS AT LAW
100 North First Street, Suite 300 • Burbank, California 91502
Telephone: 818.562.5800 • Fax: 818.562.5810

October 25—giving Plaintiff ten days to comply. (*Id.* at 1.) Plaintiff has not complied. Given the Court's admonition that "any party seeking to file a discovery motion must usually initiate meet and confer discussions at least seven (7) weeks before the discovery cut-off, *i.e.*, by preparing and serving the letter required by Local Rule 37-1" (ECF No. 18, 3:4–6), we regrettably must request an in-person conference within ten days at our offices pursuant to Local Rule 37-1. ***Please contact me at your earliest convenience. I am available any time during the week of November 5–9 to confer.*** As I noted in our conversation, the motion can easily be avoided by serving responses and responsive documents before the time for our motion to file comes.

In the future, if you need additional time to respond to discovery, please feel free to reach out to us. We are happy to grant extension

### • *Issue No. 2: Waiver for mental health records for Plaintiffs P.G. and Ulikhanova*
Plaintiffs have set the mental health of Plaintiff Ulikhanova and Plaintiff P.G. in issue in the present litigation. For example, Plaintiffs allege that Defendants Tigerino, Ramirez, and Sosa "deceived the juvenile court to believe that MOTHER is suffering a mental episode." (TAC ¶ 73.) Plaintiffs also allege that they (both of them) "suffered severe emotional distress, anxiety and general damage to their psyche" to an extent that has caused depression, sleeplessness, inability to focus, and even "generalized fear of authority figures and social workers and law enforcement officers in particular." (*Id.* at ¶ 95.) Plaintiffs also claim they suffered damages in the form of medical costs and therapy costs— and they claim future medical and therapy costs as well. (*Id.*) Plaintiff even claims she was *hospitalized* for her anxiety.(*Id.*) Plaintiffs also make allegations that Plaintiff P.G. was sexually abused by Brian G. While Defendants have taken the legal position that such abuse is inconsequential to the finding of probable cause in the warrant application—Plaintiffs clearly disagree, and the Court has yet to make a ruling on the issue. Thus, whether Defendants will have to defend against allegations concerning the sexual abuse is uncertain and Defendants must prepare to litigate such issues.

For these reasons, I asked you over the phone if your client (Plaintiff Ulikhanova) would agree to sign an authorization/waiver for mental health records to be released. Specifically, we have subpoenaed records from Dr. Thea Reinhart, who has objected. Your position was that you are conditioning such a waiver on production of various deponents. We do not agree to such trading and believe that these issues are independent. Accordingly, we plan to move to compel compliance with our subpoenas for mental health records.

### • *Issue No. 3: Depositions*
During our telephone call, you raised the issue of depositions. This, like Issue No. 1, was discussed in previous emails. (*See* Ex. A.) Our position is that the individual defendants' depositions must wait for the portion of the minors' juvenile case files held by DCFS. In a previous joint stipulation, which you

October 31, 2018
Re: <u>Ulikhanova v. COLA</u>
Liana Serobian
Page 3

# Peterson · Bradford · Burkwitz

## ATTORNEYS AT LAW

100 North First Street, Suite 300 • Burbank, California 91502
Telephone: 818.562.5800 • Fax: 818.562.5810

signed, we communicated this issue to the Court. (ECF No. 63, ¶ 16.) Our position remains the same, but we are happy to continue conferring about deposition at our Rule 37-1 conference

Sincerely,

PETERSON · BRADFORD · BURKWITZ

Ryan A. Graham, Esq.

RAG/rag

# EXHIBIT A

## Ryan A. Graham

| | |
|---|---|
| **From:** | Liana Serobian <l.serobian@yahoo.com> |
| **Sent:** | Monday, October 15, 2018 9:20 PM |
| **To:** | Ryan A. Graham |
| **Cc:** | Avi Burkwitz; Lilliana Rosales |
| **Subject:** | Re: Ulikhanova v. County, Demands for Production (Set 1) |
| | |
| **Categories:** | Opposing Counsel |

Hello,

Who is to produce the remaining 827's, your client or the court. It seems the items you are relying on are only in your clients possession. Thanks, Liana.

Sent from Yahoo Mail for iPhone

On Monday, October 15, 2018, 8:01 PM, Ryan A. Graham <rgraham@pbbllp.com> wrote:

Dear Ms. Serobian:

The Court's discovery deadline is for *completing* discovery. As the Court has ordered, "This is not the date by which discovery requests must be served; it is the date by which all discovery, including all hearings on any related motions, is to be completed." ECF No. 18, 2:23–26. This is unrelated to Plaintiffs' discovery response time obligations under the federal rules.

We extended the discovery cutoff by two-and-half months due to the 827 issues and the pending motions to dismiss. We never suggested that Plaintiff was being granted an extension to respond to discovery, and we would not likely grant an extension this close to the deadline, given the Court's admonition that discovery motions must be initiated 7 weeks before the discovery cutoff, ECF No. 18, 3:5, which is only three weeks away.

Based off of your representation that you are working on the responses, we are not going to bother with any motions at present. But given the deadline noted above, please have your responses to our office by the 25th. If you don't think this is sufficient, let me know what you think is workable.

With respect to depositions, we still do not have the remaining 827 documents. The parties previously stipulated to the fact that "Defendants cannot meaningfully take the deposition of Plaintiff Ulikhanova or defend against any depositions of the individual Defendants without use and dissemination of the notes taken by the individual Defendants that are contained within the juvenile case files." ECF No. 63, ¶ 16.

1

Sincerely,

**Ryan A. Graham, Esq.**
**Peterson · Bradford · Burkwitz**

100 North First Street, Suite 300

Burbank, CA 91502

(818) 562-5800, ext. 229

(818) 562-5810 Fax

rgraham@pbbllp.com

E-MAIL CONFIDENTIALITY NOTICE: THE CONTENTS OF THIS E-MAIL MESSAGE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE FEDERAL OR STATE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT, OR THIS MESSAGE HAS BEEN ADDRESSED TO YOU IN ERROR, PLEASE IMMEDIATELY ALERT THE SENDER BY REPLY E-MAIL AND THEN DELETE THIS MESSAGE AND ANY ATTACHMENT(S).  IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT(S) IS STRICTLY PROHIBITED.

**From:** Liana Serobian <l.serobian@yahoo.com>
**Sent:** Monday, October 15, 2018 9:23 AM
**To:** Ryan A. Graham <rgraham@pbbllp.com>
**Cc:** Avi Burkwitz <ABurkwitz@pbbllp.com>; Lilliana Rosales <lrosales@pbbllp.com>
**Subject:** Re: Ulikhanova v. County, Demands for Production (Set 1)

Dear Mr. Graham,

I'm very sorry, but I understood our stipulation for discovery extension to apply to all pending requests. It this was a misunderstanding on my part, please explain. I'll start working on this asap regardless. Also, please give me an update on the deposition dates available. I'll make myself available. Thank you, Liana Serobian.

2

**Important Legal Notice:** The content of and any documents accompanying this email contain information belonging to the sender and are legally privileged as sender's work-product and/or attorney-client communication. This email and the information it contains are intended only for the use of the person or entity to which it is addressed. If you are not the intended recipient you are hereby notified that any use, disclosure, copying or distribution of this transmission is strictly prohibited. If you have received this email in error please notify the sender to arrange for its immediate destruction or return.

On Wednesday, October 10, 2018 12:40 PM, Ryan A. Graham <rgraham@pbbllp.com> wrote:

Dear Ms. Serobian:

I wanted to reach out about Plaintiffs' responses to Defendants' Demands for Production (Set 1). By our calendaring, the responses were due last Wednesday. I understand that Monday was some kind of holiday, though, so perhaps the mail is late. These documents—the recordings and the damages-related documents—are critical for our defense. Do you have an update on the status of these?

**Sincerely,**

**Ryan A. Graham, Esq.**
**Peterson · Bradford · Burkwitz**

100 North First Street, Suite 300

Burbank, CA 91502

(818) 562-5800, ext. 229

(818) 562-5810 Fax

rgraham@pbbllp.com

007

E-MAIL CONFIDENTIALITY NOTICE: THE CONTENTS OF THIS E-MAIL MESSAGE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE FEDERAL OR STATE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT, OR THIS MESSAGE HAS BEEN ADDRESSED TO YOU IN ERROR, PLEASE IMMEDIATELY ALERT THE SENDER BY REPLY E-MAIL AND THEN DELETE THIS MESSAGE AND ANY ATTACHMENT(S).  IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT(S) IS STRICTLY PROHIBITED.

008