# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-09193-FMO (Ex) | | Date | June 11, 2019 |
|---|---|---|---|---|
| Title | **LUCY ULIKHANOVA, et al v. COUNTY OF LOS ANGELES, et al** | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED.STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS)** EX PARTE APPLICATION TO DISQUALIFY JUDGE OLGUIN (DE 87)

On May 22, 2019, Plaintiff Lucy Ulikhanova, et al ("Plaintiffs") filed an Ex Parte Application to Disqualify Judge Olguin ("Application"). The application was referred to this Court pursuant to General Order 08-05 and Local Rule 72-5. For the following reasons, the Court **DENIES** Plaintiffs' request.

Under 28 U.S.C. § 455, the Court must determine whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). If so, recusal or disqualification is warranted.

The ground for Plaintiffs' request is that the Court "gave favorable special treatment to Defendants and unfavorable special treatment to the Plaintiffs." (Application, 10:4-5.) In support of her argument, Plaintiffs set forth (1) email exchanges between Defense Counsel, the Courtroom Deputy Clerk ("CRD"), and Plaintiffs' Counsel; and (2) a court order in response to Plaintiffs' Request for Clarification.

Upon review and consideration, the Court finds no question as to Judge Olguin's impartiality. With respect to the email exchanges, the thread shows only that the CRD answered Defense Counsel's questions regarding motion page limits and assembly and delivery of joint evidentiary appendices on April 19, 2019 and May 22, 2019, respectively. On May 9, 2019, however, the CRD could not answer Plaintiffs' Counsel question regarding oppositions. As stated in her email response, the CRD was unable to receive guidance on the question from Judge Olguin, as they were in court all day. Plaintiffs' Counsel then filed a written request for clarification seeking answers to her questions. The Court issued an order directing Plaintiffs' Counsel attention to the Summary Judgment Order, and added a footnote admonishing Plaintiffs' Counsel for repeated lack of clarity in her filings.

The above evidence establishes only that the business of the court involves far more than Plaintiffs' case alone. Moreover, Plaintiffs' evidence depicts the normal functioning of a district court

attempting to effectively manage the course of litigation, a responsibility that the court has been tasked to do.

   In light of the foregoing, the Court finds that Plaintiffs have failed to meet their burden of showing that a reasonable person with knowledge of all the facts would conclude that Judge Olguin's impartiality might reasonably be questioned. The Court **DENIES** Plaintiffs' Application.

   **IT IS SO ORDERED.**

_____  :  _____

Initials of Preparer     _____